UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Hypertherm, Inc.

   v.                             Civil No. 05-cv-373-JD
                                    Opinion No. 2007 DNH 013

American Torch Tip Company


O R D E R

This patent infringement case was filed by the plaintiff on October 21, 2005. The defendant filed an amended answer on October 27, 2006, which added a counterclaim with eleven counts (counts 1-4, under the Sherman Act, alleging unlawful tying, monopoly levering, monopolization, and attempt to monopolize; count 5, under the Lanham Act, alleging false advertising and unfair competition; count 6 alleging tortious interference with contractual relations; count 7 alleging tortious interference with prospective contractual relations; count 8 alleging common law unfair competition; count 9 alleging a violation of NHRSA 356; count 10 alleging a violation of NHRSA 358-A; and count 11 alleging false marketing under 35 U.S.C. § 292). On November 20, 2006, the plaintiff filed a motion to dismiss the counterclaim or in the alternative for summary judgment (document #43).

At the present time, based on a stipulation entered into by the parties (document #60) and approved by the court on January

5, 2007, fact discovery is due to close on April 16, 2007.  Other important deadlines are established in that stipulation leading up to a trial date during the two-week period beginning November 6, 2007.

On November 20, 2006, the defendant filed a motion (document #41) to change the case from the standard to complex track because of the counterclaim that had been filed and because additional discovery time was needed for discovery in the patent case.  The plaintiff has objected.

On November 28, 2006, the plaintiff filed a motion (document #47) seeking to bifurcate the defendant's counterclaim and to stay discovery on that claim pending a decision on plaintiff's motion to dismiss.  The defendant has objected.

The counterclaim was filed after the parties had made substantial progress in preparing to try the patent case in accordance with a schedule that had been established, as the same may have been amended.  The counterclaim deals almost exclusively with alleged conduct by the plaintiff in the marketplace.  In three paragraphs (nos. 84-86) out of a total of 93, the defendant alleges that the plaintiff's patent infringement claims are baseless and part of the anti-competitive scheme which the defendant has accused the plaintiff of engaging in.  The patent claims and the antitrust claims involve different issues and

different applicable laws.  The fact that paragraphs numbered 84-86 allege that the patent claims are part of an anti-competitive scheme does not create a sufficient relatedness or nexus between the patent and antitrust issues to justify trying them together. Preparation of the patent case is well along the way and should not be sidetracked by adding an insufficiently related antitrust counterclaim into the pretrial calculus.  This would be prejudicial to the plaintiff because of the delay that would result in disposing of the patent claims.  The defendant must live with the consequences resulting from its delay in filing the counterclaim.  The counterclaim will have to proceed on its own pretrial schedule.

   Therefore, the defendant's motion to change the case from the standard to the complex track (document #41) is denied.  The plaintiff's motion (document #47) to bifurcate the defendant's counterclaim and stay discovery is granted to the extent that the counterclaim shall be bifurcated, and to the limited extent that discovery shall be stayed pending resolution of the motion to dismiss the counterclaim, except insofar as discovery may be necessary in connection with the motion to dismiss the counterclaim.  The stay of discovery shall apply to any outstanding discovery requests that are currently pending.

If discovery is necessary in connection with the motion to dismiss the counterclaim, the parties shall submit a discovery plan for that matter by February 15, 2007.

SO ORDERED.

/s/ Joseph A. DiClerico, Jr.
Joseph A. DiClerico, Jr.
United States District Judge

February 1, 2007

cc: Jacob K. Baron, Esquire
    Steven M. Bauer, Esquire
    Joseph A. Capraro, Jr., Esquire
    Myriah M. Gambrell-Glenn, Esquire
    Jamie N. Hage, Esquire
    Jonathan A. Lax, Esquire
    Barbara L. Mandell, Esquire
    Richard C. Nelson, Esquire
    W. Scott O'Connell, Esquire
    Jeremy P. Oczek, Esquire
    Allan J. Sternstein, Esquire
    Adam B. Strauss, Esquire