```
           UNITED STATES DISTRICT COURT FOR THE
                  DISTRICT OF NEW HAMPSHIRE
```

Hypertherm, Inc.

   v.                               Civil No. 05-cv-373-JD
                                     Opinion No. 2007 DNH 071

American Torch Tip Company


## O R D E R

American Torch Tip Company ("ATTC") moves to divide the trial of this patent infringement case into three phases, liability, damages, and willfulness.  In addition, ATTC asks that the issue of willfulness be tried to the court later, allowing an interval between the end of the jury trial and the beginning of the third phase for discovery.  Concomitantly, ATTC requests that discovery of its attorney opinions and advice of counsel memoranda pertaining to the willfulness issue be stayed until the liability and damages phases of the trial are complete.  Hypertherm, Inc., objects to ATTC's request for a phased trial and to stay discovery.

In general, ATTC contends that this is a complex case that will overwhelm the court and jury if the liability and damages issues are tried together in a single trial.  Hypertherm argues that the issues are intertwined and can be manageably tried together.

The parties have filed their motions for claim construction. In the court's experience, claim construction often resolves or reduces the complexity of patent infringement cases. In fact, ATTC states in its supporting memorandum that its defenses to Hypertherm's infringement claims "vary substantially, depending on the construction of the particular consumable and the patent claim in issue." Mem. at 3. Therefore, ATTC's motion to bifurcate the trial between liability and damages is denied without prejudice to file another motion for bifurcation, if appropriate, after the court issues an order on claim construction.

ATTC assumes that willfulness is an issue to be determined by the court, not the jury, and contends that it would be unfair to require it to disclose the opinions of its counsel on infringement, which are pertinent to an advice-of-counsel defense to the claim of willful infringement, until after liability has been determined. ATTC cites the "Quantum dilemma" between disclosing opinions to support the defense and asserting the attorney-client or work product privilege to protect the information. See Quantum Corp. v. Tandom Corp., 940 F. 2d 642 (Fed. Cir. 1991). ATTC argues that disclosing those allegedly privileged opinions would give Hypertherm "a detailed blueprint as to likely defenses, which it can use against the defendant if

the defendant at any point pursues a litigation strategy that differs from the opinion."  Mem. at 10 n.3.

Hypertherm asserts that ATTC will have to disclose opinions pertinent to an advice-of-counsel defense eventually and that delayed disclosure would negatively impact the court's schedule. Hypertherm also contends that it would be prejudiced if ATTC were permitted to withhold opinions of counsel while asserting the defenses of laches and estoppel that depend on ATTC's state of mind.  Hypertherm argues that ATTC should not be allowed to hide the opinions during the liability phase and then use them as a defense to willfulness.

Enhanced damages are available for willful infringement. See Union Carbide Chems. & Plastics Tech. Corp. v. Shell Oil Co., 425 F.3d 1366, 1372 (Fed. Cir. 2005).  ATTC assumes that the issue of willful infringement would not be tried to a jury but has cited no law to support that assumption.  To the contrary, it appears that when enhanced damages are sought, the court makes an award based on the jury's finding as to willfulness.  See, e.g., Aero Prods. Int'l, Inc. v. Intex Recreation Corp., 466 F.3d 1000, 1003 (Fed. Cir. 2006); Liquid Dynamics Corp. v. Vaughan Co., 449 F.3d 1209, 1213 (Fed. Cir. 2006).

ATTC has not offered any argument that would support fracturing this case into three phases involving two juries. See, e.g., Trading Techs. Int'l, Inc. v. eSpeed, Inc., 431 F. Supp. 2d 834, 837-41 (N.D. Ill. 2006) (considering and rejecting the arguments made here by ATTC in favor of bifurcation and staying discovery).  Therefore the request for a stay of discovery is denied.

## Conclusion

For the foregoing reasons, the defendant's motion to bifurcate (document no. 87) is denied without prejudice to file a

motion for bifurcation after claim construction is resolved and is denied as to the request for a stay of discovery.

    SO ORDERED.

                                         Joseph A. DiClerico, Jr.
                                         United States District Judge

May 30, 2007

cc:   Jacob K. Baron, Esquire
      Steven M. Bauer, Esquire
      Seth M. Cannon, Esquire
      Joseph A. Capraro, Jr., Esquire
      Myriah M. Gambrell-Glenn, Esquire
      Jamie N. Hage, Esquire
      Nicholas K. Holmes, Esquire
      Jonathan A. Lax, Esquire
      Barbara L. Mandell, Esquire
      Richard C. Nelson, Esquire
      W. Scott O'Connell, Esquire
      Jeremy P. Oczek, Esquire
      Allan J. Sternstein, Esquire
      Adam B. Strauss, Esquire