UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Hypertherm, Inc.

    v.                           Civil No. 05-cv-373-JD

American Torch Tip Company

O R D E R

American Torch Tip Company has filed an "emergency" motion to stay filing deadlines for dispositive motions and expert reports and discovery until after the court issues its order on claim construction. Hypertherm, Inc. opposes the emergency motion and has filed a motion to schedule a consolidated Markman and summary judgment hearing in September. These motions are resolved as follows.

Background

Hypertherm, Inc. brought suit on October 21, 2005, alleging that American Torch Tip Company ("ATTC") was infringing seven of its patents. In February of 2006, Hypertherm filed an amended complaint alleging infringement of only four of the original seven patents and adding a new infringement claim. In April of 2006, Hypertherm sought and was granted leave to file a second amended complaint that added another new infringement claim, alleging infringement of six patents all together. ATTC filed

its answer in June.  The proposed discovery plan was also approved in June.

In August of 2006, ATTC moved to file an amended answer that included counterclaims.  Hypertherm sought and was granted additional time to respond to the motion and filed its objection on August 30, 2006.  The parties then filed a reply and surreply, making the motion ripe on October 26, 2006.  The motion to amend was granted the same day.  Hypertherm then sought an extension of time to answer the counterclaims.

On November 20, 2006, ATTC moved to change the case assignment from standard to complex and to continue and to extend the various deadlines in the case.  The parties jointly moved to extend discovery deadlines, and the motion was granted.  On November 21, Hypertherm moved to dismiss, or in the alternative for summary judgment on, the counterclaims.  A week later, Hypertherm moved to bifurcate the case and stay discovery on the counterclaims.  Once again, the parties sought leave and extensions of time to file replies and surreplies in the pending motions.

On December 27, 2006, the parties filed a stipulation as to a case schedule, which was approved on January 5, 2007.  Pursuant to the approved stipulation, fact discovery closed on April 16, 2007, a schedule was set for briefing claim construction, the

parties agreed to a Markman hearing, rebuttal expert reports are due on June 14, 2007, and summary judgment motions are due on June 29.  The trial is scheduled for the week of November 6, 2007.

On February 1, 2007, the court granted Hypertherm's motion to bifurcate ATTC's counterclaims from the patent infringement claims and the motion to stay discovery on the counterclaims, pending resolution of Hypertherm's motion to dismiss or in the alternative for summary judgment.  On March 8, 2007, the parties filed a joint discovery plan for litigation of the counterclaims, which was approved.

ATTC moved to divide the trial on infringement into three stages to address liability, damages, and willfulness separately.  ATTC also asked to stay discovery on the issue of willfulness until trial on the first two issues was complete.  The parties filed replies and surreplies to the motion to divide the trial and the responses.  After the replies and surreplies were filed, the court denied the motion to divide the trial, without prejudice to refile the motion following claim construction.  The parties filed their initial claim construction briefs on March 21, 2007.

## Discussion

ATTC moves to continue the deadlines for dispositive motions and for serving expert rebuttal reports until the parties have had an opportunity to submit supplemental claim construction briefs and the court issues an order on claim construction. Hypertherm objects, arguing that the case is on an expedited schedule to accommodate the trial date in November. Hypertherm separately moves to have the court schedule a combined hearing on claim construction and on anticipated summary judgment motions that will address the infringement claims. Hypertherm did not respond to ATTC's request that the parties be given an opportunity to supplement their claim construction briefs.

ATTC contends in its motion, and Hypertherm does not dispute, that Hypertherm did not identify specific claim terms for construction in the parties' scheduled exchange on those matters. As a result, the terms that are the subject of the parties' claim construction briefs are those identified by ATTC as requiring construction. ATTC further represents, without opposition from Hypertherm, that two months after the parties filed their initial claim construction briefs, Hypertherm produced an expert report that included proposed claim constructions which had not previously been identified. ATTC asks that the issues for claim construction be broadened to

4

include the new opinions proposed by Hypertherm and that the parties be given an opportunity to supplement their claim construction briefs accordingly.

Lacking any response from Hypertherm on this issue, the court assumes that it agrees with ATTC's rendition of events and request for supplemental briefing.  The court is not inclined, however, to allow the issues for claim construction to be ever-evolving, which could become an endless series of expert rebuttal opinions.  Therefore, at least as the matter is currently presented, claim construction is limited to the issues as presented in the parties' claim construction briefs.  No further supplementation has been shown to be necessary.

As is stated in the order denying ATTC's motion to divide the case into three phases:  "In the court's experience, claim construction often resolves or reduces the complexity of patent infringement cases."  Because claim construction is likely to change or even reduce the issues to be addressed in moving for summary judgment on infringement, such motions should not be filed until claim construction is complete.

Therefore, the case will proceed on the infringement claims as follows:

(1) The court will consider the pending motions for claim construction and determine whether a <u>Markman</u> hearing would be

useful and appropriate.  If so, a hearing will be scheduled.

(2) The deadline for filing motions for summary judgment is stayed pending final resolution of claim construction.

(3) Within twenty days following final resolution of claim construction (that is, after the court issues the order on claim construction and resolves any timely motion for reconsideration that may be filed), the parties shall file motions for summary judgment, if appropriate, on the infringement claims.  The rules for responses to those motions will apply thereafter.  Either party may move for a hearing on a motion for summary judgment, addressing the requirements of Local Rule 7.1(d).

(4) If, after claim construction is resolved, either party seeks to amend an expert report, serve rebuttal expert reports, or take additional expert depositions, that party may move for leave to do so, showing good cause why such additional relief should be granted.

(5) A new trial date will be set after the court issues a final resolution of claim construction.

(6) The court expects the parties to engage in mediation before trial.

<u>Conclusion</u>

For the foregoing reasons, the defendant's emergency motion to stay (document no. 118) is granted in part and denied in part as is more specifically stated in this order.  The plaintiff's motion to schedule a hearing (document no. 120) is denied without prejudice to renew as is more specifically stated in this order.

The trial, now scheduled to begin the week of November 6, 2007, is continued and will be rescheduled after the court issues a final resolution on claim construction.  The parties' motions for summary judgment will be due twenty days after the date a final order on claim construction is issued.

SO ORDERED.

/s/ Joseph A. DiClerico, Jr.
Joseph A. DiClerico, Jr.
United States District Judge

June 13, 2007

cc: Jacob K. Baron, Esquire
    Steven M. Bauer, Esquire
    Seth M. Cannon, Esquire
    Joseph A. Capraro, Jr., Esquire
    Myriah M. Gambrell-Glenn, Esquire
    Jamie N. Hage, Esquire
    Nicholas K. Holmes, Esquire
    Jonathan A. Lax, Esquire
    Barbara L. Mandell, Esquire
    Richard C. Nelson, Esquire
    W. Scott O'Connell, Esquire
    Jeremy P. Oczek, Esquire
    Allan J. Sternstein, Esquire
    Adam B. Strauss, Esquire