```
            UNITED STATES DISTRICT COURT FOR THE
                  DISTRICT OF NEW HAMPSHIRE
```

Hypertherm, Inc.

    v.                              Civil No. 05-cv-373-JD

American Torch Tip Company


                              O R D E R

American Torch Tip Company ("ATTC") moves for reconsideration of part of the court's claim construction order, contending that the court made factual and legal errors. The challenged claims are parts of U.S. Patent No. 7,019,255 ("the '255 patent"), U.S. Patent No. 6,946,617 ("the '617 patent"), and U.S. Patent No. 5,977,510 ("the '510 patent"). Hypertherm, Inc. objects to the motion.

In the claim construction order, the court construed a disputed phrase used in claim 12 in the '671 patent and claims 7 and 25 in the '255 patent, "wherein the coolant tube is not rigidly attachable to a torch body," based on the patent specifications. The court concluded that the phrase did not claim the coolant tube in combination with the electrode. In addition, the court noted that the doctrine of claim differentiation, which ATTC mistakenly had asserted did not apply when construing separate independent claims, also supported the stated claim construction.

ATTC argues in support of reconsideration that the court misapplied the doctrine of claim differentiation. The court is not persuaded that an error was made. Even if that were the case, however, the discussion of claim differentiation merely supports the claim construction that was based on the language of the specification. Therefore, any error would not change the holding in the claim construction order.

ATTC also contends that the court improperly construed the phrase "radius of curvature" as used in the '510 patent to mean a sharp corner without including the reference to another patent that ATTC had urged. ATTC proposed the language "sharp corner." The reference to another patent by means of the comparison that ATTC proposed is not supported by the '510 patent specification or any other intrinsic evidence. Therefore, the court rejected that meaning.

On page 23 of the order, the court used the phrase "sharp angle" to define "radius of curvature." ATTC is correct that the term "radius of curvature" was construed to mean a curve as distinguished from a sharp corner. Therefore, "angle" should be changed to corner.

<u>Conclusion</u>

For the foregoing reasons, the defendant's motion for reconsideration (document no. 153) is granted to the extent that the word "angle" used on page 23 of the claim construction order (document no. 152) is changed to "corner," and the motion is otherwise denied.

SO ORDERED.

                                                          /s/ Joseph A. DiClerico, Jr.
                                                          Joseph A. DiClerico, Jr.
                                                          United States District Judge

March 20, 2008

cc:   Jacob K. Baron, Esquire
      Steven M. Bauer, Esquire
      Seth M. Cannon, Esquire
      Joseph A. Capraro, Jr., Esquire
      Jeffery M. Cross, Esquire
      Joseph T. Dattilo, Esquire
      Myriah M. Gambrell-Glenn, Esquire
      John P. Guenther, Esquire
      Jamie N. Hage, Esquire
      Nicholas K. Holmes, Esquire
      Rhett R. Krulla, Esquire
      Jonathan A. Lax, Esquire
      Barbara L. Mandell, Esquire
      Richard C. Nelson, Esquire
      W. Scott O'Connell, Esquire
      Jeremy P. Oczek, Esquire
      Allan J. Sternstein, Esquire
      John M. Skeriotis