```
              UNITED STATES DISTRICT COURT FOR THE
                     DISTRICT OF NEW HAMPSHIRE
```

Hypertherm, Inc.

   v.                              Civil No. 05-cv-373-JD
                                       Opinion No. 2008 DNH 080
American Torch Tip Company


<u>O R D E R</u>

On September 11, 2007, the court issued an order granting in part and denying in part Hypertherm, Inc.'s motion to dismiss and for summary judgment on American Torch Tip Company's ("ATTC") counterclaims.  Neither party moved for reconsideration of that order.  Five months later, ATTC filed a motion to certify questions for an interlocutory appeal, pursuant to 28 U.S.C. § 1292(b), of that part of the September 11 order granting summary judgment on ATTC's illegal tying counterclaim.  Hypertherm objects to the motion.  ATTC filed a reply, and Hypertherm has filed a surreply.

To succeed on a motion to certify questions for an interlocutory appeal under § 1292(b), the moving party must convince the district court that the order "involves a controlling question of law," that "there is a substantial ground for difference of opinion" as to that legal issue, and "that an immediate appeal from the order may materially advance the

ultimate termination of the litigation." § 1292(b). Although § 1292(b) does not impose a deadline within which a party must seek an interlocutory appeal, courts have concluded that motions for certification filed several months after the interlocutory order was issued, are untimely. See Scanlon v. M.V. Super Servant 3, 429 F.3d 6, 8 (1st Cir. 2005) (district court denied as untimely motion to amend to certify an interlocutory appeal filed more than four months after order issued); Wolfchild v. United States, 78 Fed. Cl. 472, 481 (Ct. Fed. Cl. 2007) (motions to amend to certify for interlocutory appeal are untimely when filed more than three months after order was filed).

In this case, ATTC's motion to amend the September 11 order to certify questions for interlocutory appeal is untimely, having been filed five months after that order and without any explanation for the delay. Without addressing any reason for the delay, ATTC contends that its motion would not cause prejudice, because "the antitrust case is stayed." Reply at 1. In fact, only discovery on the counterclaims was stayed pending resolution of Hypertherm's motion to dismiss, which was resolved by the court's order issued on September 11, 2007. Although the counterclaims were bifurcated from the infringement claims, no additional stay was imposed by the court.

Even if the motion for an interlocutory appeal were timely, however, ATTC has not shown that summary judgment was granted based on a legal question for which a substantial difference of opinion exists. Instead, it appears that a difference of opinion exists as to whether ATTC offered sufficient evidence to show a material factual dispute to require a trial on its tying claim. In addition, ATTC's tying counterclaim is only one of its multiple counterclaims and does not affect Hypertherm's patent infringement claims against ATTC. Therefore, an interlocutory appeal of summary judgment on the tying claim would not "materially advance the ultimate termination of the litigation" in this case. § 1292(b).

In the order that bifurcated the counterclaims from the infringement claims, issued on February 1, 2007, the court stayed discovery on the counterclaims pending resolution of Hypertherm's motion to dismiss, or in the alternative for summary judgment on, ATTC's counterclaims, except to the limited extent necessary to address the motion. See Doc. no. 72. The parties then filed a discovery plan to address the discovery allowed in that order, which was approved on March 14, 2007. See Doc. no. 85. Hypertherm's motion to dismiss or for summary judgment was resolved by the order issued on September 11, 2007. See Doc. No.

129. Therefore, a discovery plan is needed for litigation of the counterclaims.

The deadline for ATTC's response to Hypertherm's motion for partial summary judgment was stayed until thirty days after an order resolving claim construction.  With respect to the infringement claims, on June 13, 2007, the court ordered that the parties' motions for summary judgment would be due twenty days after a final order on claim construction.  The order granting in part and denying in part ATTC's motion for reconsideration of claim construction issued on March 20, 2008.

## Conclusion

For the foregoing reasons, the defendant's motion to certify questions for interlocutory appeal (document no. 154) is denied.

On or before **May 1, 2008,** the parties shall file a joint discovery plan for ATTC's counterclaims.

The parties' motions for summary judgment on the infringement claims shall be filed on or before **May 30, 2008.**

ATTC shall file its response to Hypertherm's pending motion for partial summary judgment (document no. 133) on or before **May 19, 2008**.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

April 15, 2008

cc:   Jacob K. Baron, Esquire
      Steven M. Bauer, Esquire
      Seth M. Cannon, Esquire
      Joseph A. Capraro, Jr., Esquire
      Jeffery M. Cross, Esquire
      Joseph T. Dattilo, Esquire
      Jamie N. Hage, Esquire
      Rhett R. Krulla, Esquire
      Jonathan A. Lax, Esquire
      Richard C. Nelson, Esquire
      W. Scott O'Connell, Esquire
      Jeremy P. Oczek, Esquire
      John M. Skeriotis, Esquire