```
             UNITED STATES DISTRICT COURT FOR THE
                   DISTRICT OF NEW HAMPSHIRE
```

Hypertherm, Inc.

    v.                              Civil No. 05-cv-373-JD

American Torch Tip Company

SEALED ORDER

Hypertherm, Inc. moves to strike certain evidence, which was submitted in opposition to Hypertherm's motion for partial summary judgment on patent validity, and to preclude American Torch Tip Company's ("ATTC") from using that evidence. Specifically, Hypertherm asserts that the challenged evidence consists of documents, which ATTC represents are invoices for the sale of electrodes from March through May of 1990 and two declarations which discuss sales of the electrodes.[1]  ATTC opposes the motion to strike.

Background

ATTC pled an affirmative defense of invalidity of the patents in suit, including the '988 patent, under 35 U.S.C. §§

---

[1] The challenged documents are Bates stamped with numbers 057853 to 057859.  Hypertherm represents that counsel for ATTC has recently disclosed other similar evidence that also should be barred for failure to disclose within the discovery deadlines.

102, 103, and 112.  In its first set of requests for production of documents, dated June 28, 2006, Hypertherm asked ATTC to produce "[a]ll Documents and things tending to support or refute ATTC's belief that Patents-in-Suit are invalid, void and unenforceable under the Patent laws of the United States." Motion to Strike, dkt. #219, Lax Decl. Ex. 2.  In its second set of requests, Hypertherm asked for all documents concerning the invalidity defense.  As part of its first set of interrogatories, Hypertherm asked ATTC to produce all prior art references that would support ATTC's invalidity defense.

In response to Hypertherm's discovery requests, ATTC produced a confidential document captioned "Whitney 648327 Electrode," which was an engineering drawing of an electrode. ATTC's counsel represented to counsel for Hypertherm, in a letter dated April 12, 2007, that "the only documents that exist and have not been already produced, are those documents responsive to Requests Nos. [sic] 33" relating to the sale of accused products. Id., Ex. 5.

ATTC's expert, James K. Sprague, provided an expert report dated May 23, 2007, in which, among other things, he discussed the validity of the '988 patent.  In his report, Sprague found that the '988 patent is invalid due to anticipation based on the prosecution history and the background section of the '988

patent.  Sprague noted that Table 6 of the '988 patent specification "contains a column for [ATTC's] Whitney Electrode (drawing dated 4/8/1991)."[2]  Sprague Report ¶ 55.  Sprague stated that more than one year before the filing date for the '988 patent, "the prior art Whitney Electrode specified operating current and insert diameter values which resulted in a current density of at least $1.2 \times 10^5$ amperes per $inch^2$."  Id. ¶ 57.  Sprague concluded that "[t]he electrodes described in the Whitney Electrode drawing and in the '988 background are both intended for use as plasma arc torches, have very similar operating characteristics and share many design features."  Id. ¶ 58.

For the first time, in response to Hypertherm's motion for partial summary judgment on ATTC's affirmative defense of invalidity as to the '988 patent, ATTC asserted that the '988 patent was anticipated by sales of ATTC's Whitney electrode.  To support its claim, ATTC submitted invoices to show sales of the Whitney electrode and the declarations of ATTC's vice president, Jeffrey K. Walters, and an ATTC employee, Daniel Walters, who state that ATTC sold Whitney electrodes to customers before 1991.

---

[2]Although Sprague capitalizes "Whitney Electrode" in his report, the parties do not consistently capitalize "electrode" in referring to the product or the drawing.

ATTC represents that "[i]n response to concerns raised by Hypertherm regarding the adequacy of the evidence of sales of Whitney electrodes, ATTC made one last effort to locate invoices, catalogues, or other evidence of sales or offers for sales of the Whitney Electrode prior to the critical date." Opp. at 6-7. That final effort, according to ATTC, turned up "several old boxes located in the back of a storage space above ATTC's facilities, which inexplicably contained old invoices, . . . [including] invoices related to sales of the Whitney Electrodes." Id. at 7.  ATTC does not provide a date when the invoices were found but agrees with Hypertherm that it initially produced invoices to Hypertherm on April 17, 2008, and then found more invoices that were produced on May 15, 2008.

Under the terms of the parties' stipulation, which was entered as a scheduling order in the case on January 5, 2007, the parties were to complete production of documents in response to discovery requests by January 22, 2007, and were to complete supplementation of interrogatory responses by January 29, 2007. All fact discovery closed on April 16, 2007.

Discussion

Hypertherm contends that the sales invoices submitted to support ATTC's opposition to Hypertherm's motion for summary

4

judgment on validity were not disclosed within the discovery deadline.  As a result, Hypertherm argues that under Federal Rule of Civil Procedure 37(c)(1) the invoices, along with the declarations submitted to authenticate them, must be stricken and barred from use in this case.  ATTC acknowledges that the invoices were "recently produced" but argues that its late disclosure was substantially justified or harmless.

A party "must supplement or correct its disclosure or response:  (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing . . . ."  Fed. R. Civ. P. 26(e). Rule 37(c)(1) provides, in pertinent part, that "[i]f a party fails to provide information . . . as required by Rule 26[] (e), the party is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless."  A party may avoid sanctions under Rule 37(c)(1) by establishing substantial justification for late disclosure of discovery materials or by

5

showing that the delay in disclosure is harmless.  See Gagnon v. Teledyne Princeton, Inc., 437 F.3d 188, 191 (1st Cir. 2006).[3]

A.  Timely Disclosure

   Hypertherm contends that ATTC is barred from pursuing its new theory that the '988 patent is invalid due to anticipation by sale of the Whitney electrode because neither that theory nor the evidence to support it was disclosed in response to Hypertherm's requests for production and interrogatories before the deadline for fact discovery.  ATTC asserts that Hypertherm had notice of its anticipation by sale theory based on its disclosure of the Whitney electrode drawing and contends that its expert disclosed opinions on the theory of anticipation by sale in his report and deposition.  ATTC also faults Hypertherm for failing to uncover the sale of the electrodes during depositions of its vice president and expert witness.

---

   [3]While Federal Circuit law controls patent issues, procedural issues that are not unique to patent law are reviewed under the standard applied by the regional circuit, which is the First Circuit here.  See Dominant Semiconductors SDN. BHD v. Osram GMBH, 524 F.3d 1254, 1260 (Fed. Cir. 2008).  The Federal Circuit holds that the imposition of discovery sanctions is not a matter substantially related to patent law and that the law of the regional circuit governs.  Transclean Corp. v. Bridgewood Servs., Inc., 290 F.3d 1364, 1373 (Fed. Cir. 2002).

"Once a disclosure is made, it must be kept current." Macaulay v. Anas, 321 F.3d 45, 50 (1st Cir. 2003). "Since an important object of these rules is to avoid trial by ambush, the district court typically sets temporal parameters for the production of such information." Id.  A party has a "continuing responsibility . . . to investigate [its] causes of action" and to comply with the deadlines set by the court. Gagnon, 437 F.3d at 191.

Disclosure of the confidential engineering drawing of a Whitney electrode did not disclose evidence of sales of the electrode. Sprague testified at his deposition that the drawing alone does not show or suggest that the Whitney electrode was ever produced or sold. Therefore, disclosure of the drawing did not obviate ATTC's obligation to disclose its factual evidence of sales of the Whitney electrode before the deadline for fact discovery.

ATTC also contends that sales of Whitney electrodes were disclosed by Sprague. ATTC's references to Sprague's expert report pertain to the Whitney electrode drawing not to sales of a Whitney electrode product. At his deposition, Sprague testified that Walters told him in a telephone conversation that ATTC manufactured the Whitney electrode and that ATTC "actually made metal parts, shipped them out the door, and customers used them."

The deposition, however, was taken on July 19, 2007, after the close of fact discovery, and further, ATTC did not disclose the invoices at that time.

The record presented shows that ATTC failed to disclose, before the discovery deadline, its evidence of invalidity of the '988 patent due to anticipation by sale.  Therefore, ATTC did not comply with the requirements of Rule 26(e).

B.  Substantially Justified or Harmless

ATTC can avoid sanctions for late disclosure by showing that the delay was substantially justified or is harmless.  Fed. R. Civ. P. 37(c)(1); Wilson v. Bradlees, 250 F.3d 10, 21 (1st Cir. 2001); accord Primus v. United States, 389 F.3d 231, 234 (1st Cir. 2004).  Substantial justification is determined based on "whether [the party's] rationale establishes justification for his untimeliness."  Gagnon, 437 F.3d at 191.  Harmlessness is judged by considering "a multiplicity of pertinent factors" including "the history of the litigation, the proponent's need for the challenged evidence, the justification (if any) for the late disclosure, and the opponent's ability to overcome its adverse effects.  Surprise and prejudice are important integers in the calculation."  Id.  In addition, the court considers the

effect the late disclosure will have on the court's docket.  Id. at 198.


   1.   Substantial Justification

   ATTC has not provided a clear or properly supported statement of the circumstances under which the sales invoices were found.  ATTC explains that it began to search for more evidence only "[i]n response to concerns raised by Hypertherm regarding the adequacy of the evidence of sales of the Whitney electrodes."  Opp. at 6.  ATTC does not provide a date when the search began or when the documents were found.  It suggests that either the sales invoices were not found until after the discovery deadline or that its previous counsel had the invoices in their possession but failed to disclose them to Hypertherm.  ATTC has not cited to an affidavit or any other competent evidence to establish when and how the documents were found.[4]  In addition, ATTC's former counsel's failure to disclose documents that are responsive to Hypertherm's discovery requests is a violation of Rule 26(e) and does not provide substantial justification for the delay in disclosure.

---

   [4]Statements made by counsel, unsupported by competent evidence, do not suffice to establish these facts.  See Lopez v. Corporacion Azucarera de P.R., 938 F.2d 1510, 1515-16 n.11 (1st Cir. 1991).

To the extent ATTC contends that Hypertherm is at fault for failing to pursue further discovery to force disclosure of the sales invoices, it is mistaken.  Hypertherm requested such evidence in its requests for production of documents and first set of interrogatories.  Thereafter, ATTC was obligated to investigate to find the requested evidence in a timely manner and to supplement its responses with any newly discovered evidence.  ATTC failed to do so.

ATTC asserts that "[w]hile an earlier production of these documents would certainly have been preferable for both ATTC and Hypertherm, under this set of facts, there can be no question that this production was substantially justified."  Opp. at 7.  The court disagrees.  ATTC has not carried its burden of showing substantial justification for its failure to disclose the sales invoices within the time allowed.

2. <u>Harmless</u>

ATTC contends that Hypertherm has not demonstrated that it is prejudiced.[5]  ATTC, however, bears the burden of showing that

---

[5] As part of that argument, ATTC asserts that Hypertherm is wrong about the date when it filed its motion for partial summary judgment on patent invalidity, stating the motion was filed on April 19, 2008, and the documents were disclosed on April 17, 2008.  Hypertherm stated that ATTC disclosed the documents after Hypertherm filed its motion for partial summary judgment.

its late disclosure is harmless.  <u>Wilson</u>, 250 F.3d at 21.  ATTC also argues that the delay in disclosing the documents in this case is harmless because the "recently produced evidence and related declarations merely lend further support to a defense theory that ATTC disclosed early and often, and to which Hypertherm has already had the opportunity to respond."  Opp. at 10-11.

As is discussed above, disclosure of the confidential Whitney drawing was not disclosure of invoices of sales of electrodes made from the drawing.  The difference is significant because a patent is invalid if the invention was "described in a printed publication in this or a foreign country or in public use or on sale in this country, more than one year prior to the date of the application for patent in the United States."  35 U.S.C. § 102(b).  A confidential drawing, without some commercial use or exploitation of the product depicted in the drawing, does not constitute public use for purposes of § 102(b).  <u>See</u> <u>Invitrogen Corp. v. Biocrest Mfg., L.P.</u>, 424 F.3d 1374, 1381-82 (Fed. Cir. 2005).  In the absence of the evidence of sales of the Whitney electrode, which Hypertherm had requested during discovery,

---

Although Hypertherm filed its motion for summary judgment on infringement on April 17, it filed its motion for partial summary judgment on invalidity on April 18.

Hypertherm lacked notice of ATTC's new theory of anticipatory sales.

The timing of the disclosure is also prejudicial. ATTC waited until after discovery was closed and summary judgment motions were being filed to disclose the new evidence. The deadline for summary judgment motions on the infringement claims and defenses has passed. To avoid prejudice caused by ATTC's new invalidity theory and evidence, discovery would likely have to be reopened to address those issues, and Hypertherm would have to be given the opportunity to file a motion for summary judgment to address the new theory and evidence.

This case is one of the older cases on the docket. Trial is now scheduled to begin on November 4, 2008. Pretrial materials will be due at the end of September. The time necessary to reopen discovery and provide a new period for filing motions for summary judgment will delay trial. Therefore, ATTC's delay in disclosing its new evidence is not harmless.

C.  Sanction

ATTC has not carried its burden to show that its late disclosure is either substantially justified or harmless. Therefore, ATTC is precluded from using the evidence of sales of Whitney electrodes that was disclosed to Hypertherm after the

close of fact discovery.  The sales invoices with Bates Nos. 057853 to 057895 and those parts of the declarations of Jeffrey K. Walters and Daniel Walters that address sales of Whitney electrodes, submitted in support of ATTC's opposition to Hypertherm's motion for partial summary judgment on patent validity, are stricken and cannot be used for any purpose in this case.

## Conclusion

For the foregoing reasons, the plaintiff's motion to strike and to preclude use of ATTC's recently produced evidence (document no. 219) is granted.

SO ORDERED.

                                               /s/ Joseph A. DiClerico, Jr.
                                               Joseph A. DiClerico, Jr.
                                               United States District Judge

August 6, 2008

cc:   Jill C. Anderson, Esquire
      Jacob K. Baron, Esquire
      Steven M. Bauer, Esquire
      Seth M. Cannon, Esquire
      Joseph A. Capraro, Jr., Esquire
      Jeffery M. Cross, Esquire
      Joseph T. Dattilo, Esquire
      Ami D. Gandhi, Esquire
      Jamie N. Hage, Esquire
      Marc H. Kallish, Esquire
      Rhett R. Krulla, Esquire
      Jonathan A. Lax, Esquire
      Richard C. Nelson, Esquire
      W. Scott O'Connell, Esquire
      Jeremy P. Oczek, Esquire
      John M. Skeriotis, Esquire
      Benjamin M. Stern, Esquire