UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Hypertherm, Inc.

          v.                          Civil No. 05-cv-373-JD

American Torch Tip Company


SEALED ORDER


        Hypertherm, Inc. brought a patent infringement action
against American Torch Tip Company ("ATTC") alleging infringement
of five patents owned by Hypertherm.  Hypertherm moves for
summary judgment on ATTC's affirmative defenses of laches,
estoppel, acquiescence, waiver, and unclean hands.  ATTC moves
for summary judgment on Hypertherm's claim that its products
infringe United States Patent No. 5,310,988 ("the '988 patent")
based on its affirmative defense of estoppel.  Hypertherm
challenges the theory and evidence offered by ATTC in support of
its defenses under Federal Rule of Civil Procedure 37(c)(1).

        Hypertherm contends in its motion for summary judgment that
ATTC's affirmative defenses of laches, estoppel, acquiescence,
waiver, and unclean hands are asserted only as to the claims of
infringement of the '988 patent.  ATTC alleged that "[o]ne or
more of Hypertherm's causes of action are barred by the doctrines
of laches, estoppel, acquiescence, waiver, or unclean hands."
Am. Ans., doc. 39, ¶ 49.  In its interrogatory answer, stating

the basis for its affirmative defenses, and in response to
Hypertherm's motion, ATTC addresses only the '988 patent.[1]  ATTC
does not dispute Hypertherm's claim that the affirmative defenses
are limited to the '988 patent infringement claims.  Therefore,
the affirmative defenses are construed to be asserted against
only the '988 patent.

The '988 patent is titled:  "Electrode for High Current
Density Plasma Arc Torch."  The patent explains that "[t]he
diameter of a hafnium insert press fit into the bottom end of a
copper electrode varies as a function of the level of current
carried by the electrode [and] is the minimum necessary to
support emission at that current level while also protecting the
copper body against attack by the arc."  '988 Patent, Abstract.
The '988 patent pertains to an electrode and a method of
operation for a high definition plasma arc cutting torch that
uses an insert of hafnium or another similar material and a
method for cooling the insert to extend the life of the
electrode.  '988 patent, col. 6.

---

[1]The interrogatory answer is addressed in more detail below.

2

I. <u>Exclusion under Rule 37(c)(1)</u>

In the course of discovery, Hypertherm propounded an interrogatory asking ATTC to "[s]tate in detail the basis for [its] contention, as set forth in its affirmative defenses, that one or more of Hypertherm's causes of action are barred by the doctrines of laches, estoppel, acquiescence, waiver, and/or unclean hands, including all facts, information, and documents that ATTC's [sic] asserts support or are pertinent to ATTC's contention." Doc. no. 204-4, Interrogatory 23, at 14. ATTC answered:

> With respect to the '988 patent, since at least 1998 or 1999, ATTC and Hypertherm have several times discussed the size of hafnium inserts for ATTC electrodes to which Hypertherm would not object. For example, in communications with John D. Walters III and Michael Golden in or around 1999, Hypertherm agreed with ATTC that ATTC's use of hafnium having diameters of .028 inches for 15 amp and 30 amp electrodes, and .040 for 50 amp and 70 amp electrodes would not infringe claims of the '988 patent. In other instances, pursuant to the agreement of the parties, Hypertherm has reviewed catalogs of ATTC's products, including with specific reference to the '988 patent, with the understanding that Hypertherm would notify ATTC of any objections to any products advertised in those catalogs, and Hypertherm has not objected to the size of the hafnium inserts in ATTC's electrodes.

<u>Id.</u> at 14-15. ATTC further stated that discovery was ongoing and reserved the right to supplement its response.[2] Hypertherm

---

[2]ATTC served its answers the day after the close of fact discovery so that discovery was not ongoing at that time.

represents, and ATTC does not dispute, that ATTC did not
supplement its answer to the interrogatory.

For purposes of the motions for summary judgment, however,
ATTC contends that its affirmative defenses are based on events
that began with an exchange of letters between Hypertherm's
counsel and ATTC during the fall of 1996.  ATTC cites a letter
from Hypertherm to ATTC dated October 8, 1996, which accused two
of ATTC's electrodes, part numbers 120111 and 120112, of
infringing the '988 patent, and ATTC's response in a letter dated
October 28, 2006, in which ATTC stated that it would like to
comply with the '988 patent and would, therefore, use a larger
hafnium insert.  ATTC argues that Hypertherm was then silent
about infringement of the '988 patent until just before this suit
was filed in 2005.

Hypertherm contends that ATTC is barred under Rule 37(c)(1)
from relying on the new theory, based on communications in 1996,
because ATTC did not disclose that basis for its affirmative
defenses in response to Hypertherm's interrogatory asking for
that information.  ATTC contends that Rule 37(c)(1) does not
apply because the 1996 letters were disclosed in the course of
other discovery.

Unless a procedural issue is unique to patent law, the law
of the regional circuit that governs the district court applies.

4

<u>Wilson Sporting Goods Co. v. Hillerich & Bradsby Co.</u>, 442 F.3d 1322, 1325–26 (Fed. Cir. 2006).  Discovery matters are generally not unique to patent law.  <u>See</u> <u>Group One, Ltd. v. Hallmark Cards, Inc.</u>, 407 F.3d 1297, 1307 (Fed. Cir. 2005); <u>Anchor Wall Sys., Inc. v. Rockwood Retaining Walls, Inc.</u>, 340 F.3d 1298, 1313 (Fed. Cir. 2003) (discovery sanctions not unique).  Therefore, the law of the First Circuit applies here.

Rule 37(c)(1) provides that if a party fails to provide information that is required by Rule 26(e), "the party is not allowed to use that information . . . to supply evidence on a motion . . . unless the failure was substantially justified or is harmless."  Under Rule 26(e),

> [a] party . . . who has responded to an interrogatory . . . must supplement or correct its disclosure or response: [] in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing . . . .

The purpose of Rule 26(e)'s supplementation requirement is to "increase[] the quality and fairness of the trial by narrowing the issues and eliminating surprise."  <u>Colon–Millin v. Sears Roebuck de P.R.</u>, 455 F.3d 30, 37 (1st Cir. 2006) (internal quotation marks omitted).  Therefore, if a party changes its theory of the case from the theory previously stated in an

interrogatory answer, it is obligated under Rule 26(e) to supplement its answer.  Id. at 38–39.

In this case, ATTC stated in its interrogatory answer that its affirmative defenses were based on communications beginning in 1998 or 1999.  For purposes of summary judgment, however, it contends that its defenses are based on events starting with the 1996 letters.  Although the 1996 letters were disclosed through other discovery, ATTC does not explain the context in which the disclosures occurred or whether it notified Hypertherm of the import of the 1996 letters to its theory of the affirmative defenses.

ATTC has not shown that it complied with the requirements of Rule 26(e) by disclosing the 1996 letters during other discovery. Although a late disclosure also may avoid sanctions under Rule 37(c) in appropriate circumstances, ATTC makes no developed argument that the delay was substantially justified or harmless. See Gagnon v. Teledyne Princeton, Inc., 437 F.3d 188, 191 (1st Cir. 2006).  Therefore, ATTC is barred from using the 1996 letters to support its affirmative defenses of laches, estoppel, acquiescence, waiver, and unclean hands.

As is discussed below, however, even if ATTC were able to rely on the 1996 letters to support its affirmative defenses, the record would not prevent summary judgment in favor of Hypertherm.

II.   Summary Judgment Motions

Hypertherm seeks summary judgment in its favor on ATTC's affirmative defenses of laches, estoppel, acquiescence, waiver, and unclean hands.  ATTC seeks summary judgment in its favor on Hypertherm's infringement claims under the '988 patent on the ground that Hypertherm is equitably estopped from claiming infringement.

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  The party seeking summary judgment must first demonstrate the absence of a genuine issue of material fact in the record.  See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  A party opposing a properly supported motion for summary judgment must present competent evidence of record that shows a genuine issue for trial.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).  All reasonable inferences and all credibility issues are resolved in favor of the nonmoving party. See id. at 255.

When parties file cross motions for summary judgment, "the court must evaluate each motion on its own merits, taking care in each instance to view the evidence in favor of the nonmoving

7

party."  Cross Med. Prods., Inc. v. Medtronic Sofamor, 424 F.3d
1293, 1302 (Fed. Cir. 2005) (internal quotation marks omitted).
"[T]he fundamental premise of a grant of summary judgment is that
no reasonable jury could find other than in favor of the movant."
Gemmy Indus. Corp. v. Chrisha Creations Ltd., 452 F.3d 1353, 1359
(Fed. Cir. 2006).


A.  Hypertherm's Motion

     Hypertherm moves for summary judgment on ATTC's affirmative
defenses of laches, estoppel, acquiescence, waiver, and unclean
hands on the grounds that ATTC lacks evidence to support the
defenses.  As is discussed above, because ATTC failed to
supplement its interrogatory answer pertaining to the basis for
its affirmative defenses, it is barred from using evidence of the
1996 letters.  ATTC offers little else in support of its
affirmative defenses and its opposition to Hypertherm's motion.
Even if the excluded evidence were considered, however, ATTC
cannot show that a factual dispute exists to support its
defenses.


     1.  Estoppel
     To avoid a patent infringement claim based on the defense of
equitable estoppel, the alleged infringer must prove all three

elements of the defense by a preponderance of the evidence.
Vanderlande Indus. Nederland BV v. I.T.C., 366 F.3d 1311, 1324
(Fed. Cir. 2004).  The three elements of estoppel are:  "1) the
patentee, through misleading conduct, leads the alleged infringer
to reasonably infer that the patentee does not intend to enforce
its patent against the alleged infringer, 2) the alleged
infringer relies on that conduct, and 3) due to its reliance, the
alleged infringer will be materially prejudiced if the patentee
is allowed to proceed with its claim."  Ecolab, Inc. v.
Envirochem, Inc., 264 F.3d 1358, 1371 (Fed. Cir. 2001).

ATTC argues that Hypertherm mislead it into reasonably
inferring that Hypertherm would not enforce the '988 patent as to
ATTC's electrodes based on the 1996 communications and the lack
of adverse actions until 2005.  As related by ATTC, when
Hypertherm accused ATTC of infringing the '988 patent in October
of 1996 through part numbers 12011 and 120112, it responded with
a plan to design around the '988 patent and Hypertherm did not
respond.  Thereafter, it produced products numbered 120111 and
120112 with larger hafnium inserts that it thought avoided
infringement.  Hypertherm tested those products in January of
1997 and reviewed certain pages of ATTC's product catalogs
without notifying ATTC that the 120111 and 120112 parts were
infringing the '988 patent.

The version of the parties' interactions recited by ATTC omits an important event, however.  On October 25, 1996, Hypertherm brought suit against ATTC and a related company, Plasma Components, Inc., alleging infringement of eight patents. Hypertherm accused Plasma Components, Inc. of infringing the '988 patent and accused ATTC of infringing other Hypertherm patents. The parties settled the case through an agreement signed on May 21, 1997.

As part of the settlement, ATTC and Plasma agreed to destroy certain "non-genuine replacement parts," including the 120111 and 120112 parts, which were listed as Plasma parts.  In addition, the agreement allowed ATTC and Plasma to offer for sale some products as alternatives to genuine Hypertherm replacement parts, including the 120111 and 120112 parts, as long as they were labeled "120111ATTC" and "120112ATTC."

Hypertherm's 1996 patent infringement action, asserting infringement of the '988 patent along with other Hypertherm patents, involved the 120111 and 120112 parts that it had accused in the October 8, 1996, letter to ATTC.  The suit resulted in a settlement that specifically addressed the 120111 and 120112 parts.  Therefore, Hypertherm did not mislead ATTC to infer, reasonably, that its effort to design the 120111 and 120112 parts to avoid infringement of the '988 patent was successful.

ATTC has not shown that a material factual dispute exists as to the elements of equitable estoppel.  The record shows that Hypertherm defended the '988 patent and is not equitably estopped from accusing ATTC of infringing the '988 patent.  Therefore, Hypertherm is entitled to summary judgment on that defense.

### 2.  Laches and Acquiescence

Laches and acquiescence are related defenses that apply when a patent holder delays bringing suit, intentionally or inadvertently.  Cabot Safety Intermediate Corp. v. Arkon Safety Equip., Inc., 979 F. Supp. 929, 931 (D. Mass. 1997); see also Sch. Union No. 37 v. Ms. C., 518 F.3d 31, 35 (1st Cir. 2008).  To prove laches, the defendant "must prove: (1) that the plaintiff delayed filing suit for an unreasonable and inexcusable length of time from the time the plaintiff knew or reasonably should have known of its claim against the defendant, and (2) that the delay operated to the prejudice or injury of the defendant."  Symantex Corp. v. Computer Assocs. Int'l, Inc., 522 F.3d 1279, 1294 (Fed. Cir. 2008) (internal quotation marks omitted).  A presumption of laches arises if the defendant shows a delay of more than six years after the plaintiff had actual or constructive knowledge of the defendant's allegedly infringing activity.  Id.  To prove acquiescence, the defendant must prove that the plaintiff's

11

conduct amounted to an assurance that the plaintiff would not assert a claim of patent infringement against the defendant and that the plaintiff unreasonably delayed action causing prejudice to the defendant.  See Creative Gifts, Inc. v. UFO, 235 F.3d 540, 547–48 (10th Cir. 2000) (acquiescence in context of trademark litigation); Kellogg Co. v. Exxon Corp., 209 F.3d 562, 569 (6th Cir. 2000) (same).

ATTC contends that Hypertherm is barred by the doctrines of laches and acquiescence from bringing its infringement claims under the '988 patent.  In support of its defense, ATTC asserts that Hypertherm first raised the issue of infringement of the '988 patent in the October 8, 1996, letter, and then was silent on the issue until 2005 when it filed this patent infringement action.  ATTC further asserts that it continued to manufacture and sell its "design around" electrodes, believing that they did not infringe the '988 patent.

As is discussed in the context of estoppel, Hypertherm was not silent for the nine years between the October 1996 letter and filing suit in this case.  Instead, Hypertherm brought a patent infringement suit in 1996 against ATTC and its related company, Plasma Components, asserting infringement of the '988 patent by the same parts that were referenced in the October 1996 letter. That litigation concluded with a settlement agreement in 1997.

12

Based on the record, ATTC cannot show that Hypertherm inexcusably and unreasonably delayed in filing this suit or that Hypertherm provided any express or implied assurance that it would not enforce the '988 patent against ATTC.  Hypertherm is entitled to summary judgment on the affirmative defenses of laches and acquiescence.

### 3.  Waiver

ATTC also asserts that Hypertherm waived its patent infringement claims under the '988 patent.  "'A waiver is ordinarily an intentional relinquishment or abandonment of a known right or privilege.'"  Harris Corp. v. Ericsson Inc., 417 F.3d 1241, 1263 n.2 (quoting Johnson v. Zerbst, 304 U.S. 458, 464 (1938)).  ATTC points to nothing in the record that shows a factual dispute as to whether Hypertherm waived its right to protect the '988 patent.  Therefore, Hypertherm is entitled to summary judgment on the affirmative defense of waiver.

### 4.  Unclean Hands

The doctrine of unclean hands provides an equitable defense against claims "where some unconscionable act of one coming for relief has immediate and necessary relation to the equity that [the party] seeks in respect of the matter in litigation."

13

<u>Keystone Driller Co. v. Gen. Excavator Co.</u>, 290 U.S. 240, 245 (1933); <u>accord</u> <u>Consol. Alum. Corp. v. Foseco Int'l Ltd.</u>, 910 F.2d 804, 810 (Fed. Cir. 1990).  Hypertherm contends that ATTC lacks evidence of any unconscionable activity or fraudulent act involving the '988 patent to support its defense.  ATTC supports its defense of "unclean hands" by asserting that it "maintains viable counterclaims against Hypertherm, including antitrust claims arising out of the Sherman Act," which it contends would constitute unconscionable activity.

To oppose a motion for summary judgment, however, the nonmoving party must submit competent evidence to rebut the motion.  <u>Kearney v. Town of Wareham</u>, 316 F.3d 18, 22 (1st Cir. 2002).  Mere assertions by counsel made in a memorandum are not enough to avoid summary judgment.  <u>Fed. Refinance Co., Inc. v. Klock</u>, 352 F.3d 16, 31 (1st Cir. 2003); <u>Vivid Techs., Inc. v. Am. Science & Eng'g, Inc.</u>, 200 F.3d 795, 812 (Fed. Cir. 1999).  The opposing party also cannot rely on allegations made in a pleading to avoid summary judgment.  Fed. R. Civ. P. 56(e).

ATTC's argument that it has stated a claim for an antitrust violation in its counterclaim is not competent to oppose Hypertherm's motion for summary judgment.  In the absence of any evidence of unclean hands, Hypertherm is entitled to summary judgment on that defense.

14

III.   ATTC's Motion for Summary Judgment

ATTC moves for summary judgment in its favor on Hypertherm's infringement claims under the '988 patent.  ATTC contends that the doctrine of equitable estoppel bars Hypertherm's claims.  In support of its motion, ATTC relies on the same evidence it offered to oppose Hypertherm's motion, including the 1996 letters that were not disclosed in response to Hypertherm's interrogatory to explain the basis of its affirmative defenses.  That evidence has been excluded under Rule 37(c)(1).

Even if the evidence were considered, however, as is explained in granting Hypertherm's motion for summary judgment on ATTC's affirmative defense of equitable estoppel, ATTC did not provide evidence that Hypertherm engaged in misleading conduct that lead ATTC to reasonably infer that Hypertherm would not enforce the '988 patent.  Therefore, ATTC cannot sustain its burden of proof for purposes of achieving summary judgment in its favor.

Conclusion

For the foregoing reasons, the plaintiff's motion for summary judgment (document no. 204) is granted.  The defendant's motion for summary judgment (document no. 200) is denied.  The defendant's affirmative defenses of laches, estoppel, acquiescence, waiver, and unclean hands are dismissed.

SO ORDERED.

Joseph A. DiClerico, Jr.
United States District Judge

September 11, 2008

cc:  Jill C. Anderson, Esquire
     Jacob K. Baron, Esquire
     Steven M. Bauer, Esquire
     Lucas M. Blower, Esquire
     Seth M. Cannon, Esquire
     Joseph A. Capraro, Jr., Esquire
     Jeffery M. Cross, Esquire
     Joseph T. Dattilo, Esquire
     Ami D. Gandhi, Esquire
     Maia H. Harris, Esquire
     Marc H. Kallish, Esquire
     Rhett R. Krulla, Esquire
     Jonathan A. Lax, Esquire
     Richard C. Nelson, Esquire
     W. Scott O'Connell, Esquire
     Jeremy P. Oczek, Esquire
     Richard D. Rochford, Jr., Esquire
     John M. Skeriotis, Esquire
     Benjamin M. Stern, Esquire
     Wayne Tang, Esquire