UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


<u>Hypertherm, Inc.</u>

    v.                              Civil No. 05-cv-373-JD

<u>American Torch Tip Company</u>


<u>SEALED ORDER</u>


American Torch Tip Company ("ATTC") moves for "revision and clarification" of the court's order issued on July 24, 2008, that granted Hypertherm, Inc.'s motion for summary judgment on ATTC's defense of invalidity of the '923 and '510 patents and on infringement by prior versions of accused products.  ATTC focuses on the infringement issue, arguing that because the prior versions of accused parts are "materially equivalent" to accused parts reviewed by ATTC's expert, it demonstrated a factual dispute.  ATTC also argues that it was erroneously required to show that expert testimony was unnecessary, that the list of prior versions is inaccurate, and that the court should explicitly preserve ATTC's invalidity defenses as to the '617, '255, and '988 patents.  Hypertherm opposes the motion for reconsideration.

Discussion

"A court appropriately may grant a motion for reconsideration where the movant shows a manifest error of law or newly discovered evidence" or "if the court has patently misunderstood a party or has made an error not of reasoning but of apprehension." Ruiz Rivera v. Pfizer Pharms., LLC, 521 F.3d 76, 81-82 (1st Cir. 2008) (internal quotation marks omitted); see also Palmer v. Champion Mtg., 465 F.3d 24, 30 (1st Cir. 2006). Under that standard, "[a] motion for reconsideration does not provide a vehicle for a party to undo its own procedural failures and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." Marks 3 Zet-Ernst Marks GmBh & Co. KG v. Presstek, Inc., 455 F.3d 7, 15-16 (1st Cir. 2006). Reconsideration is also not an appropriate means to reargue an issue that the court has addressed. Platten v. HG Bermuda Exempted Ltd., 437 F.3d 118, 139 (1st Cir. 2006).

A.   Infringement by Prior Versions of Accused Parts

In support of its motion for summary judgment, Hypertherm relied on the opinion of its expert, E. Smith Reed, that prior versions of ATTC's accused parts also infringed Hypertherm's patents in suit. ATTC's expert, Dr. James Sprague, did not

review or provide opinions about prior versions of the accused
products.  ATTC argued in opposition to summary judgment that Dr.
Sprague's opinions about the accused parts should be applied to
the prior versions of those parts because the prior versions were
not materially different from the accused parts.  The court
concluded that expert testimony was required to address
infringement by the listed prior versions of accused parts.  In
the absence of expert opinion that the accused and prior versions
of the parts were not materially different, ATTC could not rely
on its expert's opinions pertaining to the accused parts to
counter Hyerpertherm's expert's opinions about prior versions.

In support of its motion for reconsideration, ATTC argues
that summary judgment on infringement should not have been
entered as to prior versions of accused parts which are
materially indistinguishable from the accused products.  ATTC
asserts that the court erred because Hypertherm was not required
to meet the applicable standard for achieving summary judgment on
its infringement claims.  It contends, again, that its expert's
opinions on the accused products are transferable to the prior
versions.  ATTC also challenges Hypertherm's expert's opinions,
asserting that he did not review all of the prior versions on
which he gave opinions.

ATTC ignores the standard for a motion for reconsideration.

As is stated above, a motion for reconsideration is not an opportunity to provide new arguments or record support for previously made arguments that could and should have been offered to oppose the motion for summary judgment.  ATTC does not suggest that the record support that it now offers to oppose summary judgment constitutes newly discovered evidence.  Therefore, the augmented record ATTC provides cannot be considered for purposes of its motion for reconsideration.

ATTC charges that Hypertherm's list of infringing prior versions of accused parts included two versions that ATTC's expert did review.  In response, Hypertherm references its notice of corrections filed on March 11, 2008, (dkt. no. 158), in which it changed the designations of part numbers 220352_ATT and 220435_ATT from "Original, A" to "Original."  The corrections are incorporated into the court's July 24, 2008, order.

Contrary to ATTC's argument, Hypertherm was required to meet the applicable standard of proof for achieving summary judgment on its infringement claims.  See Order, July 24, 2008, at 12-16. ATTC failed to provide probative and competent evidence to counter Hypertherm's prima facie case of infringement.  As a result, ATTC lost on that issue.  Similarly, having failed to challenge Hypertherm's expert's opinions in a timely manner, ATTC cannot now raise an issue about those opinions.

B.   Explicit Preservation of Affirmative Defenses

     ATTC asks the court to revise the July 24, 2008, order to
explicitly preserve ATTC's affirmative defenses of invalidity as
to the '617, '255, and '988 patents.  In the order, the court
denied Hypertherm's motion challenging ATTC's defense of
invalidity of the '988 patent and granted summary judgment in
Hypertherm's favor on ATTC's defenses of invalidity of the '923
and '510 patents.  The defenses of invalidity of the '617 and
'255 patents were not at issue in the motion decided by the July
24, 2008, order.  The order clearly denied summary judgment as to
the invalidity defense of the '988 patent.  Therefore, no further
clarification is necessary.


                           Conclusion

     For the foregoing reasons, the defendant's motion for
reconsideration (document no. 281) is denied.  The July 24, 2008,
order is amended to incorporate the notice of corrections filed
by the plaintiff on March 11, 2008, at docket no. 158.

     SO ORDERED.

                                   /s/Joseph A. DiClerico, Jr.
                                   Joseph A. DiClerico, Jr.
                                   United States District Judge

November 5, 2008

cc:  Jill C. Anderson, Esq.
     Jacob Baron, Esq.
     Steven Abuer, Esq.
     Lucas Blower, Esq.
     Seth Cannon, Esq.

Joseph Capraro, Jr., Esq.
Christopher Carney, Esq.
Jeffery Cross, Esq.
Joseph Dattilo, Esq.
Ami Gandhi, Esq.
Maia Harris, Esq.
Marc Kallish, Esq.
Rhett Krulla, Esq.
Jonathan Lax, Esq.
Richard Nelson, Esq.
W. Scott O'Connell, Esq.
Jeremy Oczek, Esq.
Richard Rochford, Jr., Esq.
David Ruoff, Esq.
John Skeriotis, Esq.
Benjamin Stern, Esq.
Wayne Tang, Esq.