UNITED STATES DISTRICT COURT FOR THE
                          DISTRICT OF NEW HAMPSHIRE


<u>Hypertherm, Inc.</u>

      v.                                   Civil No. 05-cv-373-JD
                                           Opinion No. 2008 DNH 214
<u>American Torch Tip Company</u>


                                 O R D E R

     This case began as a patent infringement action.  A year later, American Torch Tip Company ("ATTC") filed a counterclaim as part of its amended answer, alleging eleven counts of antitrust violations and unfair competition.  The case was bifurcated to address the patent infringement claims first, followed by the counterclaim.  Discovery closed a year and a half ago for the patent infringement claims but remains open for the counterclaim.

     A dispute has arisen about discovery of information pertaining to the invalidity of United States Patent No. 5,310,988 ("'988 patent") for purposes of the counterclaim.  A telephonic hearing was held on December 22, 2008, to consider the parties' motions and objections pertaining to the disputed

discovery.  ATTC seeks discovery on the issue of patent invalidity for its counterclaim.  Hypertherm contends that the issue of invalidity is not relevant to the counterclaim and will be decided in the context the patent infringement claims.  ATTC argues that rulings pertaining to the patent claims do not apply to the counterclaim.

The law of the case doctrine provides that "'when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages of the same case.'" Naser Jewelers, Inc. v. City of Concord, 538 F.3d 17, 20 (1st Cir. 2008) (quoting Arizona v. California, 460 U.S. 605, 618 (1983)).  A court's ruling on the validity or invalidity of a patent becomes law of the case for subsequent proceedings unless an exception to the doctrine applies.  Ormco Corp. v. Align Tech., Inc., 498 F.3d 1307, 1319 (Fed. Cir. 2007).  Issues decided in the first half of a bifurcated case become law of the case for the remainder of the proceedings.  In re Innotron Diganotics, 800 F.2d 1077, 1085 (Fed. Cir. 1986).

2

In this case, the issue of patent validity will be addressed in the context of the patent infringement claims, which are scheduled for trial in February.  Once that decision has been made, either in response to a motion or following trial, if necessary, the court will address the issue of whether ATTC may seek discovery on patent invalidity for purposes of the counterclaim, and in the event discovery is allowed on this issue a new discovery schedule will be set.

## Conclusion

The plaintiff's objection to the magistrate judges' ruling on the defendant's motion to compel (document no. 376) has been considered, and the magistrate judge's order is vacated.  The plaintiff's motion for a hearing (doc. no. 377) is granted, and a hearing was held on December 22, 2008.

Discovery on the invalidity of the patents in suit, for purposes of the counterclaim, will be stayed pending the determination of that issue in the context of the patent infringement claims.  The defendant's motions to compel (doc. nos. 368 and 370) are denied without prejudice to renew, if

appropriate, after the patent claims are resolved.  The plaintiff's motions for protective orders (doc. nos. 373, 384, and 385) and to quash (doc. no. 382) are denied as moot, given the stay of discovery on the patent invalidity issue.

SO ORDERED.

*Joseph A. DiClerico, Jr.*
Joseph A. DiClerico, Jr.
United States District Judge

December 23, 2008

cc:  Jill C. Anderson, Esquire
     Jacob K. Baron, Esquire
     Steven M. Bauer, Esquire
     Lucas M. Blower, Esquire
     Colin G. Cabral, Esquire
     Seth M. Cannon, Esquire
     Joseph A. Capraro, Jr., Esquire
     Christopher J. Carney, Esquire
     Jeffery M. Cross, Esquire
     Joseph T. Cattilo, Esquire
     Ami D. Gandhi, Esquire
     Maia H. Harris, Esquire
     Marc H. Kallish, Esquire
     Rhett R. Krulla, Esquire
     Jonathan A. Lax, Esquire
     Richard C. Nelson, Esquire
     W. Scott O'Connell, Esquire
     Jeremy P. Oczek, Esquire
     Richard D. Rochford, Jr., Esquire
     David W. Ruoff, Esquire
     John T. Shapiro, Esquire
     John M. Skeriotis, Esquire
     Benjamin M. Stern, Esquire
     Wayne Tang, Esquire