```
             UNITED STATES DISTRICT COURT FOR THE
                   DISTRICT OF NEW HAMPSHIRE
```

Hypertherm, Inc.

   v.                              Civil No. 05-cv-373-JD
                                       Opinion No. 2008 DNH 215

American Torch Tip Company

O R D E R

Hypertherm, Inc. brought patent infringement claims against American Torch Tip Company ("ATTC"). ATTC filed a counterclaim, alleging that Hypertherm engaged in unfair and anticompetitive practices. Hypertherm propounded interrogatories to ATTC asking, in part, for the factual and legal bases of the counts alleged in ATTC's counterclaim. ATTC provided responses but also objected to the interrogatories.

ATTC moves for a protective order that would delay its obligation to respond to the interrogatories until after the close of discovery. Hypertherm objects. Hypertherm moves to compel ATTC to provide further responses to five of the ten interrogatories. ATTC objects to the motion to compel.

Discussion

Because ATTC's motion for a protective order and Hypertherm's motion to compel pertain to the same

interrogatories, the motions are considered in the same order although the issues are addressed separately.

General discovery on ATTC's counterclaim was stayed while Hypertherm's motion to dismiss or for summary judgment on counts in ATTC's counterclaim was pending.[1]  The order granting the motion in part and denying it in part issued on September 11, 2007.  On April 15, 2008, the court ordered the parties to file a discovery plan for the counterclaim, which was filed and then amended on May 5, 2008, and the motion to amend was granted on May 6, 2008.[2]  The parties moved to extend the discovery deadlines which was granted on October 14, 2008.

Hypertherm propounded its first set of interrogatories, numbered one to ten, on June 20, 2008.  The interrogatories sought information about the counts in ATTC's counterclaim.  In several of the interrogatories, Hypertherm asked ATTC to describe the circumstances, identify all documents, or provide "each and every instance" of actions pertaining to the counts in the counterclaim.

---

[1] The parties were allowed discovery limited to the issues raised in the motion.

[2] It appears, however, that the parties failed to file the revised discovery plan within forty-eight hours of the order granting the motion to amend, and instead the original proposed discovery plan was approved on May 28, 2008.

ATTC provided responses on July 28, 2008, objecting to the interrogatories on grounds including that they were overly broad, consisted of compound questions that raised the total beyond twenty-five, and, as contention interrogatories, need not be answered until after the close of discovery.  After counsel conferred about the interrogatory dispute, Hypertherm provided revised interrogatories on September 5.  ATTC provided supplemental responses two weeks later, in which it continued to object on a variety of grounds but also cited documents by Bates numbers under Federal Rule of Civil Procedure 33(d).  ATTC filed a motion for a protective order, addressing Hypertherm's interrogatories as amended.[3]  On October 24, Hypertherm moved to compel ATTC to provide additional answers to its interrogatories numbered 3, 4, 5, 6, and 9, or to limit ATTC to proof of the counts in its counterclaim as provided in the answers to date.

I.  Hypertherm's Motion to Compel

Hypertherm seeks an order compelling ATTC to provide answers to interrogatories numbered 3, 4, 5, 6, and 9, which ask ATTC to provide information about ATTC's counterclaim.  In particular, Hypertherm contends that ATTC's responses, under Federal Rule of

---

[3]ATTC has now filed a second motion for a protective order pertaining to a different discovery dispute between the parties.

Civil Procedure 33(d), were incomplete.  ATTC objects to the interrogatories, asserting that, among other things, they are overly broad and unduly burdensome.  Hypertherm responds that complete answers to the interrogatories are necessary to provide it with meaningful information about the grounds for the counts in ATTC's counterclaim.

A.   Contention Interrogatories

ATTC characterizes Hypertherm's interrogatories as "contention interrogatories."  "'Contention interrogatories seek to discover the factual basis for the allegations raised in the complaint, answer or counterclaim.  The purpose of contention interrogatories is also to determine the theory of a party's case.'"  Exxon Res. & Eng'g Co. v. United States, 44 Fed. Cl. 597, 601 (Fed. Cl. 1999) (quoting Iain D. Johnston & Robert G. Johnston, Contention Interrogatories in Federal Court, 148 F.R.D. 441, 442 (1993)); see also Ryan v. Mary Immaculate Queen Ctr., 188 F.3d 857, 860 (7th Cir. 1999) (contention interrogatory allows determination of whether party has any tenable basis for claim); Med. Educ. Dev. Servs., Inc. v. Reed Elsevier Group, PLC, 2008 WL 4449412, at *11 n.16 (S.D.N.Y. Sept. 30, 2008).  Contention interrogatories ask a party to state its contentions, to provide the factual basis for a claim, or to explain how the

law applies to the factual basis.  Shqeirat v. U.S. Airways Group, Inc., 2008 WL 4232018, at *4 (D. Minn. Sept. 9, 2008).

"The general view is that contention interrogatories are a perfectly permissible form of discovery, to which a response ordinarily would be required."  Starcher v. Corr. Med. Sys., Inc., 144 F.3d 418, 421 n.2 (6th Cir. 1998).  "An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact, but the court may order that the interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time."  Fed. R. Civ. P. 33(a)(2).  On the other hand, contention interrogatories that ask for "each and every" or all documents, facts, activities, and actions that support a claim may be overly broad and unduly burdensome.  See Lucero v. Valdez, 240 F.R.D. 591, 594 (D.N.M. 2007); Moses v. Halstead, 236 F.R.D. 667, 674 (D. Kan. 2006); see also, e.g., Shqeirat, 2008 WL 423018, at *4; Jadwin v. County of Kern, 2008 WL 3820288, at *2 (E.D. Cal. Aug. 8, 2008); Heartland Surgical Specialty Hosp., LLC v. Midwest Div., Inc., 2007 WL 2192860, at *2 (D. Kan. July 25, 2007).

In its motion to compel, Hypertherm summarizes its interrogatories as asking for the "factual basis" of particular allegations in ATTC's counterclaim.  Although the actual wording

of the interrogatories is more specific and inclusive, as summarized, the interrogatories do not venture beyond the permissible scope of contention interrogatories.[4]  Therefore, the disputed interrogatories, numbered 3, 4, 5, 6, and 9, are construed to ask ATTC to provide the "factual basis" for its allegations in support of the referenced allegations or counts in ATTC's counterclaim.  The factual basis for ATTC's counts and allegations in the counterclaim means the primary evidentiary basis for asserting those matters either in narrative form or with specific reference to particular business records that provide supporting evidence for the allegations and claims made.

B.  Use of Rule 33(d)

Hypertherm contends that ATTC's reliance on Rule 33(d) to answer the interrogatories by a general reference to thousands of documents produced in discovery is tantamount to not answering at all.  In addition, Hypertherm asserts that ATTC has not shown that Rule 33(d) applies in the circumstances of the current discovery and asks that ATTC be compelled to provide narrative answers with specific references to the documents it has

---

[4]Indeed, at this stage of the litigation, ATTC must have a "factual basis" for each of the counts alleged in its counterclaim.  See Fed. R. Civ. P. 11(b)(3).

referenced.  In response, ATTC contends that the information Hypertherm seeks cannot be supplied in the limited time available.

Rule 33(d) provides an option for a party to answer interrogatories "[i]f the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored information), and if the burden of deriving or ascertaining the answer will be substantially the same for either party . . . ."  Under Rule 33(d), the answering party must specify the records to be reviewed "in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could" and must also give "the interrogating party a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries."  Fed. R. Civ. P. 33(d)(1) & (2).  Importantly, Rule 33(d) is not a means for a party to avoid answering interrogatories by making only a general reference to a mass of documents or records.  Calkins v. Pacel Corp., 2008 WL 2311565, *4 (W.D. Va. June 4, 2008).  In addition, the rule is construed narrowly to apply only to answers that can be derived from "business records."  See Wagner v. Fishing Co. of Alas., Inc., 2008 WL 281333, at *1 (W.D. Wash. July 18, 2008) (citing cases).

Interrogatory 3 asks for the factual basis of ATTC's allegation that Hypertherm engages in an improper means of competition by threatening to void its warranties if its customers use non-genuine consumable parts.  ATTC responded by objecting but also stated that previously produced documents, including certain notes, correspondence, and catalogs were responsive to the question.  ATTC listed certain Bates numbered documents, but cautioned that those were only illustrative and that Hypertherm "should review ATTC's previous production in its entirety and make its own determination as to responsiveness of previously produced documents."

Interrogatory 4 asks for the factual basis of ATTC's allegations about Hypertherm's false or misleading assertions pertaining to ATTC as alleged in Counts V, VIII, and X of ATTC's counterclaim.  ATTC made its standard objections and also asserted that all documents that have been and will be produced in discovery were responsive to the question and identified certain documents by Bates numbers but only as illustrations, again directing Hypertherm to review all of the discovery produced.

Interrogatory 5 asks for the factual basis of ATTC's allegations of tortious interference.  ATTC gave the same answers as to the previous interrogatories with some Bates numbered

documents as illustrations. Interrogatory 6 asks for the factual basis ATTC's allegations that Hypertherm controls, maintains, or fixes the prices of its consumable parts, and ATTC gave the same answer as above. Interrogatory 9 asks for the extent of ATTC's knowledge about "allegations in ATTC's Counterclaim in 1994, in 2001, in 2002, and in August 2006." In response, ATTC objected and again stated that documents previously produced and those that would be produced "would reflect the knowledge of ATTC around the various times set forth in this Interrogatory."

ATTC makes no effort to justify its answers in light of Rule 33(d). Instead, ATTC argues that responding to the interrogatories would be a "herculean task," that it has expended significant time and money in its attempts to respond, and that the Rule 33(d) option was necessary to prevent an undue burden on its counsel. ATTC also argues that interrogatories are not useful in complex litigation, such as patent cases, and that full answers to the interrogatories would be too extensive to be useful. ATTC's explanation for its failure to adequately respond is not persuasive.

Therefore, ATTC shall provide complete and responsive answers to Hypertherm's interrogatories, as they are construed in this order. That is, ATTC shall provide the primary evidentiary basis for its allegations and the counts in its counterclaim on

9

the issues identified in the interrogatories. If its response to an interrogatory is made under Rule 33(d), ATTC shall comply with the rule's requirements and provide a narrative answer that explains its response.

II. ATTC's Motion for Protective Order

ATTC seeks a protective order that would postpone its obligation to provide answers to Hypertherm's interrogatories until after discovery on its counterclaim has closed.

A party may seek a protective order from discovery upon a showing of good cause. Fed. R. Civ. P. 26(c)(1). The court, based on finding good cause, may protect a party from "annoyance, embarrassment, oppression, or undue burden or expense," by, among other remedies, specifying the time for the disclosure requested in discovery. Fed. R. Civ. P. 26(c)(1)(B). Courts are afforded wide discretion in the management of discovery. Educadores Puertoriquenos en Accion v. Hernandez, 367 F.3d 61, 67 (1st Cir. 2004).

In this case, ATTC contends that Hypertherm's interrogatories cannot be answered before the close of discovery on the counterclaim because the answers depend on information that is largely in Hypertherm's possession. ATTC asserts that answering the interrogatories now would cause prejudice and would

be unduly burdensome because supplementation would be necessary as ATTC gains additional information about the ten counts in its counterclaim.  In particular, ATTC fears that Hypertherm would file a dispositive motion based on its incomplete answers to the interrogatories.

ATTC filed its amended counterclaim on October 27, 2006.  A month later, ATTC moved to extend the discovery deadlines.  Hypertherm moved to dismiss or in the alternative for summary judgment on the counts alleged in ATTC's counterclaim.  Hypertherm also moved to bifurcate the counterclaim from the patent case and to stay discovery on the counterclaim.

On December 27, 2006, the parties entered a stipulation to extend certain discovery and filing deadlines.  On February 1, 2007, the court granted Hypertherm's motion to bifurcate the counterclaim from the patent infringement case and stayed discovery on the counterclaim until Hypertherm's pending dispositive motion on the counterclaim was resolved.  The parties were directed to file a discovery plan to the extent any discovery was necessary to address Hypertherm's pending motion.  ATTC requested and Hypertherm agreed to provide certain discovery pertaining to the counterclaim for purposes of the pending motion.  On September 11, 2007, Hypertherm's motion was granted

as to summary judgment on Count I of ATTC's counterclaim and was otherwise denied.

Five months later, after the court issued its order on claim construction, ATTC moved for a certificate of appealability on the summary judgment order entered on September 11, 2007.  The motion was denied as untimely.  The court reminded the parties that discovery on the counterclaim was stayed only until Hypertherm's dispositive motion was resolved, which had occurred on September 11, 2007.

The court ordered the parties to file a discovery plan for the counterclaim on or before May 1, 2008.  As amended, the parties' discovery plan required mandatory initial disclosures by June 20, 2008.  In addition, the parties agreed to provide electronic disclosures by June 1, 2008, and all fact discovery was to be completed by November 3, 2008.  The deadline for all discovery, including experts, was March 2, 2009.

Recently, the parties' filed a joint motion to extend the discovery deadlines, which was granted.  Fact discovery will now close on January 2, 2009, and all discovery will close on March 13, 2009.

ATTC has had months to provide adequate responses to Hypertherm's interrogatories.  ATTC has not shown any basis for delaying its answers until the close of all discovery on March

13, 2009.  Instead, ATTC shall provide complete answers, as outlined in this order, on or before January 23, 2009.  ATTC also will be required to supplement its answers as required under Federal Rule of Civil Procedure 26(e).

## Conclusion

For the foregoing reasons, the plaintiff's motion to compel (document no. 343) is granted as is more fully explained in this order.  The defendant is ordered to provide complete and responsive answers to Interrogatories numbered 3, 4, 5, 6, and 9, failing which the counts of the defendant's counterclaim referenced by those interrogatories will be dismissed with prejudice.  The defendant's motion for a protective order (document no. 321) is granted to the extent that the deadline for the defendant to provide its answers to the plaintiff's first set

of interrogatories on the counterclaim is January 23, 2009, and is otherwise denied.

No costs or fees are awarded at this time.

SO ORDERED.

*Joseph A. DiClerico, Jr.*
Joseph A. DiClerico, Jr.
United States District Judge

December 29, 2008

cc:  Jill C. Anderson, Esquire
     Jacob K. Baron, Esquire
     Steven M. Bauer, Esquire
     Lucas M. Blower, Esquire
     Colin G. Cabral, Esquire
     Seth M. Cannon, Esquire
     Joseph A. Capraro, Jr., Esquire
     Christopher J. Carney, Esquire
     Jeffery M. Cross, Esquire
     Joseph T. Cattilo, Esquire
     Ami D. Gandhi, Esquire
     Maia H. Harris, Esquire
     Marc H. Kallish, Esquire
     Rhett R. Krulla, Esquire
     Jonathan A. Lax, Esquire
     Richard C. Nelson, Esquire
     W. Scott O'Connell, Esquire
     Jeremy P. Oczek, Esquire
     Richard D. Rochford, Jr., Esquire
     David W. Ruoff, Esquire
     John T. Shapiro, Esquire
     John M. Skeriotis, Esquire
     Benjamin M. Stern, Esquire
     Wayne Tang, Esquire