UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Hypertherm, Inc.

    v.                                    Civil No. 05-cv-373-JD

American Torch Tip Company

O R D E R

American Torch Tip Company ("ATTC") moves for summary judgment that certain of its products do not infringe Hypertherm, Inc.'s United States Patent No. 5,977,510 ("'510 patent"), and that Hypertherm cannot show that it marked its products covered by the '510 patent in the statutorily required manner.  ATTC argues that because of a lack of notice of the '510 patent, due to failure to mark patented products, any damages it would owe for infringement would be limited to amounts accrued after November of 2004.  Hypertherm objects to the motion.

Standard of Review

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The party seeking summary judgment must first demonstrate

the absence of a genuine issue of material fact in the record. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). A party opposing a properly supported motion for summary judgment must present competent evidence of record that shows a genuine issue for trial. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). All reasonable inferences and all credibility issues are resolved in favor of the nonmoving party. See id. at 255.

Any procedural issues that are not unique to patent law are reviewed under the standard applied by the regional circuit, which is the First Circuit here. See Dominant Semiconductors SDN. BHD v. Osram GMBH, 524 F.3d 1254, 1260 (Fed. Cir. 2008). Federal Circuit law, however, controls patent issues. Id.

## Discussion

ATTC seeks summary judgment of non-infringement of the '510 patent by certain ATTC products. It also seeks summary judgment that the date it had notice of the infringement was in November of 2004. Hypertherm agrees that certain versions of the listed ATTC parts do not infringe the '510 patent but objects to summary judgment on non-infringement as to other products and challenges ATTC's argument as to marking its products.

A.  <u>Infringement of the '510 Patent</u>

Hypertherm initially accused ATTC General Parts Nos. 120518, 120518-ATTC, 120518_ATTC, 120578, 120606, 120882, 120882_ATTC, and 220007 of infringing asserted claims of the '510 patent. Hypertherm admits that its expert witness, E. Smith Reed, later gave his opinion that the version of ATTC General Part No. 120518_ATTC (as depicted in the drawing at ATTC005487) and the version of 120882_ATTC (as depicted in the drawing at ATTC00033) do not infringe the asserted claims of the '510 patent. ATTC's expert witness, James K. Sprague, gave his opinion that the most recent versions of ATTC General Parts Nos. 220007, 120882, 120606, 120578, and 120518 do not infringe the asserted claims of the '510 patent. Reed then agreed with Sprague that ATTC General Parts No. 220007 (as depicted in the drawing at ATTC056855), No. 120882 (as depicted in the drawing at ATTC000033), and No. 120518 (as depicted in the drawing at ATTC056853) did not infringe the asserted claims of the '510 patent.

In response to ATTC's motion for summary judgment, Hypertherm represents that it no longer accuses ATTC General Parts No. 220007 (as depicted in the drawing at ATTC056855), No. 120882 (as depicted in the drawing at ATTC000033), or No. 120518 (as depicted in the drawing at ATTC056853) of infringing any of the asserted claims of the '510 patent. Based on the experts'

opinions and Hypertherm's concessions, ATTC contends that it is entitled to summary judgment that ATTC General Parts No. 220007 (as depicted in the drawing at ATTC056855), No. 120882 (as depicted in the drawing at ATTC000033), and No. 120518 (as depicted in the drawings at ATTC056853 and ATTC005487) do not infringe the asserted claims of the '510 patent.  Hypertherm argues that the motion should be denied as moot as to those parts that it no longer accuses of infringement.

Based on Hypertherm's representation that it no longer accuses ATTC General Parts No. 220007 (as depicted in the drawing at ATTC056855), No. 120882 (as depicted in the drawing at ATTC000033), and 120518 (as depicted in the drawing at ATTC056853) of infringing the '510 patent, Hypertherm has waived those claims.  The record shows no dispute of material fact that the version of ATTC General Parts No. 120518_ATTC (as depicted in the drawing at ATTC005487) does not infringe the asserted claims of the '510 patent.  Therefore, ATTC is entitled to summary judgment that the version of ATTC General Parts No. 120518_ATTC (as depicted in the drawing at ATTC005487) does not infringe the asserted claims of the '510 patent.  In addition, because Hypertherm has waived its '510 patent infringement claims as to ATTC General Parts No. 220007 (as depicted in the drawing at ATTC056855), No. 120882_ATTC (as depicted in the drawing at

ATTC000033), and No. 120518 (as depicted in the drawing at ATTC056853), those claims are dismissed with prejudice.

B.  <u>Marking and Notice</u>

If a patent owner fails to provide notice to the public that an article is patented, by marking the applicable patent number on the product or its label, "no damages shall be recovered by the patentee in any action for infringement, except on proof that the infringer was notified of the infringement and continued to infringe thereafter, in which event damages may be recovered only for infringement occurring after such notice." 35 U.S.C. § 287(a). "Constructive notice is provided when the patentee consistently marks substantially all of its patented products." <u>Sentry Protection Prods., Inc. v. Eagle Mfg. Co.</u>, 400 F.3d 910, 918 (Fed. Cir. 2005) (internal quotation marks omitted). The patentee bears the burden of proving compliance with the marking statute by a preponderance of the evidence. <u>Nike, Inc. v. Wal-Mart Stores, Inc.</u>, 138 F.3d 1437, 1446 (Fed. Cir. 1998).

ATTC contends that Hypertherm cannot show that it consistently marked substantially all of its products protected by the '510 patent. In particular, ATTC points to labels from six Hypertherm products, which Hypertherm identified in response to interrogatories as products covered by at least one claim of

the '510 patent, that are not marked with the '510 patent. Further, ATTC represents that Hypertherm identified three other products as being covered by the '510 patent but failed to produce labels for those products.

In response, Hypertherm admits that it identified the labels for the patented products, as ATTC represents, but contends that other documents in the record "show the manner in which Hypertherm's products are marked." Obj. at 7. Hypertherm also contends that the labels ATTC references are undated and that ATTC has not shown that those labels were intended to mark products that were actually sold. Hypertherm provides evidence that it had general processes and procedures in place for marking its products with its patents. The only evidence Hypertherm references that specifically pertains to marking its products with the '510 patent is an internal email, dated June 6, 2000, which states that old labels for three of the products, whose labels were produced to ATTC and did not include the '510 patent, were destroyed and new labels were marked with the '510 patent.

Hypertherm appears to misunderstand the burden of proof. ATTC has raised an issue as to whether Hypertherm can sustain its burden of proving compliance with § 287(a). ATTC points to some evidence that Hypertherm has not complied with § 287(a). Hypertherm's criticisms of ATTC's evidence, which was produced by

6

Hypertherm on the issue of marking, is immaterial.  To avoid summary judgment, Hypertherm must at least show a factual dispute as to whether it has complied with § 287(a).

Hypertherm has not provided evidence that it consistently and continuously marked its patented products with the '510 patent.  Its general practices and procedures for marking do not address the specific evidence presented by ATTC that products were not marked with the '510 patent.  For example, Hypertherm did not augment its evidence about its marking practices with specific evidence of products actually marked with the '510 patent.  Cf. Ceeco Mach. Mfg., Ltd. v. Intercole, Inc., 817 F. Supp. 979, 984 (D. Mass. 1992) (bolstering evidence of a "strong and strict company policy regarding patent marking" with "various declarations by Ceeco employees and the photographs and customer declaration proving marking").  Hypertherm did not submit affidavits from its employees or principals that its products were marked, as statutorily required, with the '510 patent.  Cf. Sentry, 400 F.3d at 918.  Based on the record presented here, Hypertherm has failed to show a factual dispute as to whether it continuously and consistently marked substantially all of its patented products with the '510 patent, as required by § 287(a).

Conclusion

For the foregoing reasons, the defendant's motion for summary judgment (document no. 202) is granted as follows:

ATTC General Parts No. 120518_ATTC (as depicted in the drawing at ATTC005487) does not infringe the '510 patent.

To the extent ATTC may be found liable for infringement of the '510 patent, Hypertherm will be limited to recovering damages that accrued after the date of actual notice of infringement of the '510 patent in November of 2004.

Hypertherm has waived its claims that ATTC General Parts No. 220007 (as depicted in the drawing at ATTC056855), No. 120882_ATTC (as depicted in the drawing at ATTC000033), and No. 120518 (as depicted in the drawing at ATTC056853) infringe the asserted claims of the '510 patent. Therefore, those claims are dismissed with prejudice.

SO ORDERED.

/s/ Joseph A. DiClerico, Jr.
Joseph A. DiClerico, Jr.
United States District Judge

January 7, 2009

cc:  Jill C. Anderson, Esquire
     Jacob K. Baron, Esquire
     Steven M. Bauer, Esquire
     Lucas M. Blower, Esquire
     Colin G. Cabral, Esquire

```
Seth M. Cannon, Esquire
Joseph A. Capraro, Jr., Esquire
Christopher J. Carney, Esquire
Jeffery M. Cross, Esquire
Joseph T. Dattilo, Esquire
Ami D. Gandhi, Esquire
Maia H. Harris, Esquire
Marc H. Kallish, Esquire
Rhett R. Krulla, Esquire
Jonathan A. Lax, Esquire
Richard C. Nelson, Esquire
W. Scott O'Connell, Esquire
Jeremy P. Oczek, Esquire
Richard D. Rochford, Jr., Esquire
David W. Ruoff, Esquire
John T. Shapiro, Esquire
John M. Skeriotis, Esquire
Benjamin M. Stern, Esquire
Wayne Tang, Esquire
```