UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Hypertherm, Inc.

    v.                                    Civil No. 05–cv–373–JD

American Torch Tip Company


O R D E R

Hypertherm moves for reconsideration of that part of
the court's order issued on December 29, 2008, in which it denied
summary judgment in Hypertherm's favor on ATTC's defense that
claims 11 and 12 of United States Patent No. 5,310,988 ("'988
patent") were obvious in light of the patent's background
section.  Hypertherm argues that because the Whitney electrode
evidence was excluded and ATTC has conceded that the Whitney
drawing is not prior art, ATTC can not prove its claim.  Although
ATTC has not yet responded to the motion, the court will resolve
the issue in the interests of saving time and resources.

Hypertherm is correct that ATTC primarily asserted that a
combination of the Whitney electrode and the background section
of the '988 patent rendered claims 11 and 12 obvious.  ATTC also
relied on its expert's report, however, to assert that the
background section <u>alone</u> was a basis for finding obviousness.
Hypertherm argued, without citation to authority:  "Unlike an
anticipation determination, which involves only a single prior

art reference, an obviousness determination necessarily involves combining elements or limitations of two or more prior art references to render the claimed invention obvious."  Dkt. no. 176 at 20.  Hypertherm continued:  "Indeed, ATTC does not even allege that the background section, standing alone, invalidates any of the asserted claims."

In its objection, ATTC cited its expert's report.  James K. Sprague, ATTC's expert witness, stated in his report that the Whitney electrode and the electrodes described in the background section of the '988 patent "alone or in combination with each other along with the knowledge of one of ordinary skill in the art at the time of the invention, disclose every limitation of the '988 patent, . . . independent claims 11 and 12."  Report, ¶ 32(5).  ATTC also cited authority that a single prior art reference may be sufficient to show obviousness in appropriate circumstances.

Hypertherm mentioned the background section argument in one sentence in its reply, stating only:  "Moreover, the background section of the '988 Patent, like the Whitney Drawing, fails to teach the step of selecting a hafnium diameter in coordination with the operating current."  That unsupported statement, offered only in the reply,  was insufficient to counter ATTC's expert's opinion.  Hypertherm failed to address the legal issue of whether

2

obviousness may be found based on a single prior art reference.

For purposes of reconsideration, Hypertherm argues in detail that ATTC actually relied on the Whitney electrode and Whitney drawing for most of its obviousness analysis.  Hypertherm did not offer the analysis of ATTC's charts, which it now submits for reconsideration, to counter ATTC's expert's opinion for purposes of summary judgment.  Hypertherm did not move for leave to supplement its motion for summary judgment after the court granted its motion to strike ATTC's evidence pertaining to manufacture and sales of the Whitney electrode.  While ATTC's proof of its defense may be fatally weak, as Hypertherm suggests, the court will not now consider proof not submitted for purposes of summary judgment.

## Conclusion

For the foregoing reasons, the plaintiff's motion for partial reconsideration (document no. 411) is denied

SO ORDERED.


/s/ Joseph A. DiClerico, Jr.
Joseph A. DiClerico, Jr.
United States District Judge

January 16, 2009

cc:  Benjamin Stern, Esq.
     Colin Cabral, Esq.
     Jill Anderson, Esq.

Jacob Baron, Esq.
Steven Bauer, Esq.
Lucas Blower, Esq.
Seth Cannon, Esq.
Joseph Capraro, Jr., Esq.
Christopher Carney, Esq.
Jeffery Cross, Esq.
Joseph Dattilo, Esq.
Ami Gandhi, Esq.
Maia Harris, Esq.
Marc Kallish, Esq.
Rhett Krulla, Esq.
Jonathan Lax, Esq.
Richard Nelson, Esq.
W. Scott O'Connell, Esq.
Jeremy Oczek, Esq.
Richard Rochford, Jr., Esq.
David Ruoff, Esq.
John Shapiro, Esq.
John Skeriotis, Esq.
Wayne Tang, Esq.