```
                UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF NEW HAMPSHIRE
```

**Hypertherm, Inc.**

    **v.**                                          Case No. 05-cv-373-JD

**American Torch Tip Company**

## PROCEDURAL ORDER

In preparation for trial of this case, counsel are ordered to undertake certain actions and prepare certain documents as hereinafter set forth, all of which will be subject to court review and approval. The court expects counsel to engage in good faith efforts to agree on these matters and in the event that there is disagreement, the court expects those disagreements to be few in number and narrowly focused.

    1. Counsel shall agree on a glossary of technical terms that will be referred to during the trial. This glossary should include both patent law terminology and the basic terminology of the invention. Copies of the glossary will be provided to each juror at the outset of the trial.

    2.  Counsel shall agree upon charts that set forth the claims at issue with respect to each patent, along with any relevant claim construction statements.  These charts, which will be marked as exhibits, shall be of sufficient size so that during the trial they can be referred to by counsel and readily read by the jury.  The charts shall also be made available on 8-1/2" x 11" paper for inclusion in juror notebooks.

    3.  Both parties have requested preliminary jury instructions which are quite similar.  Counsel shall agree on a set of preliminary jury instructions which will be given to the jury both orally and in writing.

    4.  Counsel have requested final jury instructions, many of which are quite similar.  Counsel shall agree on a set of final jury instructions and on the order in which those instructions will be given.  The court expects counsel to keep any disagreements to a minimum.  With respect to any particular instruction or part thereof about which there is a disagreement, counsel shall present plaintiff's requested version first, followed immediately by the defendant's requested version. Instructions shall convey the law in a neutral manner and counsel shall not request instructions that are argumentative in nature.

5.  It is likely that this case may require special interrogatories and/or verdicts.  Counsel shall agree on a form of special interrogatories and/or verdicts to be submitted to the jury.  Counsel are expected to keep their disagreements to a minimum and in the event there are disagreements, counsel shall present their alternative proposals – plaintiff's proposal first, followed immediately by the defendant's proposal.

6.  It is important that a clear and concise statement of the plaintiff's claims and the defendant's defenses be made in order to provide the jury, the court, and counsel with a "roadmap" of this case  Therefore, the plaintiff shall provide a written declarative statement (i.e. non-argumentative) in outline form, specifying its claims of infringement.  The statement shall identify the patent, the relevant claim number involved in the infringement, the nature or type of infringement, the specifics of the alleged infringement with respect to each claim, and the damages being claimed.

The defendant shall provide a written declarative statement (i.e. non-argumentative) in outline form, specifying in detail its defenses of non-infringement and invalidity.  The statement shall identify the patent, the claim number, and the specific

details of any defense of non-infringement or invalidity with respect to each claim.

    7.  In their pretrial statements both parties have listed a significant number of proposed exhibits.  Local Rule 16.2(a)(5) requires a party to identify separately those exhibits which the party expects to offer and those which the party may offer if the need arises.  Neither party has complied with this requirement.  It is highly unlikely that the parties will be offering into evidence all of the exhibits that they have listed.  Therefore, the parties are directed to comply with the local rule and re-submit their exhibit lists in accordance therewith.  The parties should keep in mind that the court may require them to provide each juror and the court with exhibit books, and therefore it behooves the parties to focus on those exhibits that are key to their cases rather than to inundate the jury and the court with numerous exhibits whose evidentiary value may be marginal at best.

## **DEADLINES**

Counsel shall file with the court the documents required in ¶¶ 1, and 3-6 by March 27, 2009.  The charts required by ¶ 2 shall be filed with the court on the day of the final pretrial

conference.  With respect to ¶ 7, counsel shall meet and confer about exhibits in an effort to resolve objections prior to the final pretrial conference.  By April 10, 2009, each party shall file with the court:

    1.  A list of those exhibits it intends to offer into evidence by agreement;

    2.  A list of those exhibits it intends to offer into evidence and to which there is an objection;

    3.  A list of those exhibits it may offer into evidence, noting whether or not there is agreement on admission; and

    4.  A list of exhibits which are objectionable with a brief statement setting forth the basis for the objection.

SO ORDERED.

/s/ Joseph A. DiClerico, Jr.
Joseph A. DiClerico, Jr.
United States District Judge

February 3, 2009

cc:  Jill C. Anderson, Esquire
     Jacob K. Baron, Esquire
     Steven M. Bauer, Esquire
     Lucas M. Blower, Esquire
     Colin G. Cabral, Esquire
     Seth M. Cannon, Esquire
     Joseph A. Capraro, Jr., Esquire
     Christopher J. Carney, Esquire
     Jeffery M. Cross, Esquire

-6-

Joseph T. Dattilo, Esquire
Maia H. Harris, Esquire
Marc H. Kallish, Esquire
Rhett R. Krulla, Esquire
Jonathan A. Lax, Esquire
Edward F. McCormack, Esquire
Richard C. Nelson, Esquire
W. Scott O'Connell, Esquire
Jeremy P. Oczek, Esquire
Richard D. Rochford, Jr., Esquire
David W. Ruoff, Esquire
John T. Shapiro, Esquire
John M. Skeriotis, Esquire
Benjamin M. Stern, Esquire
Wayne Tang, Esquire