UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Hypertherm, Inc.

    v.                          Civil No. 05–cv–373–JD

American Torch Tip Company


O R D E R

    Hypertherm, Inc., filed eight motions in limine to preclude ATTC from offering testimony, evidence, and argument related to certain topics.  ATTC moves in limine to exclude evidence of decisions reached in other litigation between the parties.  The motions are addressed as follows.


I.  The Court's Prior Rulings

    Hypertherm asks the court to order ATTC not to offer evidence on matters that have been decided by previous orders.  In particular, Hypertherm seeks to preclude evidence that is contrary to issues resolved in the court's orders issued on July 24, 2008; August 6, 2008, and December 29, 2008.  ATTC objects that Hypertherm's motion is overbroad and insufficiently specific to permit a ruling.  In particular, ATTC argues that evidence about the Whitney electrode, which was the subject of the August 6, 2008, order, is relevant and admissible in connection with its defenses to the willful infringement claim.

Issues that have been decided in prior orders are resolved and cannot be revisited at trial.  The court generally agrees with ATTC that Hypertherm's motion is not sufficiently specific to be addressed in the absence of a trial context.  However, with respect to the Whitney electrode, the court excluded evidence of sales offered by ATTC in opposition to Hypertherm's motion for summary judgment because ATTC failed to disclose the evidence in response to Hypertherm's discovery requests.  ATTC had disclosed a confidential engineering drawing of the Whitney electrode, which evidence remains in the case.

ATTC argues that it should be allowed to use all of the Whitney electrode evidence, including the sales evidence, to defend against Hypertherm's claim of willful infringement. Hypertherm contends that because ATTC did not disclose the sales invoices in response to its discovery requests, that evidence cannot be used for any purpose.  Hypertherm also contends that the drawing is now irrelevant because the court ruled in Hypertherm's favor on the anticipation defense.

The sales invoices that were excluded by the August 6, 2008, order are inadmissible for any purpose at trial.  The affirmative defense of anticipation is no longer an issue in the case.  At this stage, ATTC has not demonstrated that evidence of the Whitney drawing will be admissible at trial.  Whether the

drawing is relevant to an issue other than anticipation cannot be resolved without the trial context in which it might be offered.

Therefore, Hypertherm's motion is granted as to the evidence of sales of the Whitney electrode.  To the extent circumstances arise at trial in which ATTC contends evidence of the Whitney electrode drawing is admissible, the issue will be addressed at in the appropriate trial context.  Before introducing that evidence at trial, however, ATTC shall make an offer of proof at sidebar, and the court will rule on admissibility.

II.  Claim Construction

Hypertherm moves in limine to preclude ATTC from introducing evidence at trial of claim construction that is inconsistent with the court's ordered claim construction, that presents the parties' positions on claim construction, that addresses claim construction for an additional term or terms, and that relates to the relative importance of claim elements in the patents-in-suit. In response, ATTC agrees that the parties are barred from taking positions that are inconsistent with the court's claim construction.  ATTC argues, however, that evidence about the claim construction process is relevant to issues of non-infringement and patent invalidity.  ATTC contends that jurors would be assisted by considering evidence explaining the meaning

3

of a claim term for the purpose of comparing prior art and
accused products to the asserted claims of the patents-in-suit.
ATTC also argues that it should be allowed to point out to the
jury that Hypertherm is taking a position on claim construction
that is inconsistent with its position during the claim
construction process.  In addition, ATTC proposes to introduce
evidence at trial for the interpretation of claims that have not
yet been construed.

     "Claim construction is a question of law."  <u>iLOR, LLC v.
Google, Inc.</u>, 550 F.3d 1067, 1070 (Fed. Cir. 2008).  The court
has construed the claims in dispute.  To the extent any other
claim construction issue, however unlikely, might arise, it would
not require evidence to be presented to the jury.  Therefore, no
"evidence" related to claim construction will be permitted at
trial.  Although an evidentiary ruling can rarely be made in a
vacuum, ATTC offers no basis to conclude that evidence of the
claim construction process would be admissible.

     Extensive time and resources have been spent on claim
construction in this case.  The parties have had more than ample
time to raise claim construction issues, which was the principle
purpose of the <u>Markman</u> hearing held on January 16, 2008.  The
court's claim construction order issued on January 29, 2008.
ATTC moved for reconsideration of the claim construction order,

which was granted as to one term and otherwise denied on March 20, 2008.  Nevertheless, the parties raised additional claim construction issues in the context of summary judgment motions, which were resolved on February 3, 2009.  Raising additional claim construction issues as trial approaches or at trial suggests questionable and dilatory tactical maneuvers that would be likely to interfere with the orderly progress of the case and the trial.

Hypertherm's motion is granted.

III.  <u>Unenforceability Defense</u>

ATTC initially raised an affirmative defense against Hypertherm's infringement claims that the patents-in-suit were unenforceable.  On November 13, 2007, the parties filed a stipulation of dismissal of the affirmative defense of unenforceability.  Hypertherm moves to preclude ATTC and its witnesses from offering any evidence or testimony about unenforceability of the patents-in-suit and about criticisms of the patent office.

ATTC responds that Hypertherm's motion is too broad and too vague to support the order it seeks but represents that it will not introduce evidence pertaining to its unenforceability defense or evidence for the purpose of criticizing the patent office.  It

5

contends, however, that evidence that could be pertinent to unenforceability, such as prior art that ATTC believed invalidated the patents-in-suit, could be relevant to counter Hypertherm's willful infringement claim.

The court will decide, in the trial context, the admissibility of evidence offered about the unenforceability of a patent for purposes of opposing willful infringement.  Because the affirmative defense of unenforceability has been dismissed by stipulation, however, it is unlikely that ATTC will be permitted to attempt to prove that the patents-in-suit are unenforceable for purposes of showing that it did not willfully infringe the patents.  Before introducing such evidence at trial, however, ATTC shall make an offer of proof at sidebar, and the court will rule on admissibility.

IV.   Obviousness Standard

While this case has been pending, the Supreme Court decided KSR Int'l Co. v. Teleflex Inc., 550 U.S. 398, 127 S. Ct. 1727 (2007), which modified the standard for determining obviousness. Hypertherm is concerned that because the patents-in-suit were granted prior to KSR, when a somewhat different standard was used for determining whether an invention was obvious based on prior art, ATTC will argue at trial that the presumption of patent

6

validity should not apply in this case.

ATTC responds that it does not contest the rule that patents
are presumed to be valid and agrees that the presumption of
patent validity has not been changed by <u>KSR</u>.  ATTC also suggests,
however, that the jury should be instructed that <u>KSR</u> changed the
obviousness standard.

The standard articulated in <u>KSR</u> governs this case.  To the
extent the jury will address factual issues pertaining to
obviousness, jury instructions will be based on the <u>KSR</u> standard.
The jury will not hear evidence about or be instructed about any
change in the obviousness standard or about any inferences or
implications related to the changes in the law.


V.   <u>ATTC's Patents and Patent Applications</u>

Hypertherm argues that ATTC should not be permitted to
present evidence about its own patents and patent applications
because only Hypertherm's patents are at issue in this case.
ATTC responds that Hypertherm is attempting to show that ATTC is
an inferior business based on copying the products invented and
patented by others.  It contends that if Hypertherm pursues that
theory at trial, it should be permitted to introduce evidence of
its own patents and patent applications to show that its business
is not based on copying others' products.

Whether evidence of ATTC's own patents and patent applications would be relevant and admissible to rebut the evidence ATTC anticipates from Hypertherm cannot be decided outside of the trial context.  Therefore, the motion is denied without prejudice to renew during trial if the issue arises.

VI.   Expert Opinions from Fact Witnesses

Hypertherm has moved to strike the testimony of ATTC's technical expert witness, James Sprague, and a hearing is scheduled on that motion.  Related to that motion, Hypertherm also moves to preclude ATTC from offering opinion testimony through fact witnesses.  ATTC contends that in "appropriate circumstances" lay opinions on infringement and patent invalidity are admissible.

"Infringement occurs when a properly construed claim of an issued patent covers an accused device."  DSW, Inc. v. Shoe Pavilion, Inc., 537 F.3d 1342, 1346 (Fed. Cir. 2008).  That determination is made by comparing the claim terms to the accused device.  Cybor Corp. v. FAS Techs., Inc., 138 F.3d 1448, 1454 (Fed. Cir. 1998).  In infringement cases involving complex technology, such as plasma arc torches, expert opinion testimony is required to overcome expert opinion produced by the other party.  Centricut, LLC v. Esab Group, Inc., 390 F.3d 1361, 1370

(Fed. Cir. 2004).

A witness may be permitted to testify as an expert on the issues of noninfringement or invalidity only if the witness is qualified as an expert in the pertinent art.  Sundance, Inc. v. DeMonte Fabricating Ltd., 550 F.3d 1356, 1363 (Fed. Cir. 2008). In addition, a witness who has not been qualified as an expert qualified in the pertinent art cannot give opinions about any of the underlying factual issues pertaining to obviousness and anticipation.  Id. at 1384.  A lay witness is precluded from providing opinions that are "based on scientific, technical, or other specialized knowledge within the scope of Rule 702."  Fed. R. Evid. 701(c).

Given the legal landscape, no lay opinion testimony will be permitted on the issues of infringement and patent invalidity. Whether any other lay opinion testimony would be relevant in this case and admissible under Rule 701 must be addressed in the trial context.

VII.  Evidence Pertaining to Counterclaim

ATTC brought a counterclaim in this case, alleging claims under the Sherman Act, the Lanham Act, 35 U.S.C. § 292, and state law.  The patent infringement claims and the counterclaim are bifurcated for trial.  In its motion, Hypertherm requests an

order precluding ATTC from making any reference to bifurcation
and from offering any testimony, argument, opinions, or evidence
related to its counterclaim or discovery directed to the
counterclaim.  ATTC argues that evidence produced in discovery on
its counterclaim may be relevant to the infringement claims and
should be admissible at least for cross-examination and rebuttal.

     In support of its motion, Hypertherm relies on a statement
made by ATTC's counsel in a hearing before the magistrate judge
on December 4, 2008.  The hearing was held to consider ATTC's
motions to compel Hypertherm to answer interrogatories, to admit
certain facts, and to produce a witness for deposition pursuant
to Federal Rule of Civil Procedure 30(b)(6).  ATTC sought
discovery about Hypertherm's knowledge of the validity or
invalidity of the '988 patent, one of the patents-in-suit,
purportedly to support its contention in its counterclaim that
the infringement action was "objectively baseless."

     At the hearing, Hypertherm argued that the requested
discovery had been excluded for purposes of the patent
infringement claims, that it was not relevant to the
counterclaim, and that ATTC was attempting an "end run" around
the court's prior order striking the evidence.  Counsel for ATTC
responded:

     I can represent to the court that nothing that will be

permitted for discovery in the antitrust case would be
used in the patent case, categorically, without any
reservation, and we can give the court any assurance
necessary, including ethical screens or whatever else
would be satisfactory that this discovery from the
bifurcated case is only relevant and necessary for the
elements of the antitrust claim.

Hearing Transcript at 9.  The magistrate judge ordered the
depositions ATTC requested to go forward.  After a telephonic
hearing on the parties' motions and objections, held on December
22, 2008, the court vacated the magistrate judge's order and
stayed discovery on patent invalidity, for purposes of the
counterclaim, pending the determination of patent invalidity in
the patent infringement claims.  Therefore, ATTC was not
permitted to go forward with discovery of the invalidity matters
that it sought at the December 4, 2008, hearing.  Counsel's
statements, although worded more broadly, are construed to be
limited to that discovery matter.

      As has been made abundantly clear in the course of this
case, the parties are limited to evidence that was disclosed
during the discovery process.  Because discovery and trial of the
patent claims are bifurcated from the counterclaim, evidence that
is to be introduced at the infringement trial must have been
disclosed through discovery related to the infringement claims,
and be otherwise admissible.  Although ATTC generally agrees not
to introduce evidence obtained in counterclaim discovery, it also

argues that it should be allowed to refer to deposition testimony by Hypertherm's witnesses who were deposed for purposes of the counterclaim.

Whether ATTC can refer to deposition testimony of Hypertherm's witnesses from counterclaim depositions will have to be resolved in the context of trial.  ATTC, however, will not be permitted to augment discovery on the patent infringement claims with discovery conducted exclusively for purposes of the counterclaim.  On the other hand, if the same topics were addressed in discovery in both parts of the case, ATTC may be able to establish a basis for using deposition transcripts from counterclaim discovery in the patent infringement trial.

VIII.  <u>Evidence Related to Settlement and Mediation</u>

Hypertherm contends that Federal Rule of Evidence 408 precludes ATTC from referring to or offering evidence at trial that is related to the parties' settlement negotiations and mediation.  Rule 408(a) prohibits evidence of "furnishing or offering or promising to furnish––or accepting or offering or promising to accept––a valuable consideration" to settle a claim and evidence of "conduct or statements made in compromise negotiations regarding the claim" to be offered to prove liability for, invalidity of, or the amount of a claim or to

12

impeach by a prior inconsistent statement.  Settlement evidence
is permitted, however, if not prohibited by subsection (a), to
show bias or to counter a charge of undue delay.  In addition, if
a party "opens the door" by introducing settlement evidence, the
opposing party may counter with evidence of settlement
negotiations.  Nat'l Union Fire Ins. v. West Lake Academy, 548
F.3d 8, 21–22 (1st Cir. 2008).

ATTC asserts that it intends to offer evidence at trial
about changes it made in its designs for some of the accused
products, after mediation in May of 2008, to support its defense
against Hypertherm's charge of willful infringement.  It also
states that it will not reference the mediation discussions
directly but does intend to refer to its ongoing discussions with
Hypertherm related to design changes of its accused products to
counter willful infringement.

Rule 408(a) bars evidence about settlement discussions that
is offered to invalidate a claim in the case.  ATTC argues that
its discussions with Hypertherm about designing around the
patents would negate evidence that it willfully infringed the
patents, providing a defense to that claim.  As described, the
discussion evidence appears to run directly afoul of Rule 408(a).
In addition, even in the absence of Rule 408, ATTC has not shown
that its current negotiations with Hypertherm would be relevant

13

to the question of whether it willfully infringed Hypertherm's patents in the past.  See, e.g., Bridgeport Music, Inc. v. Justin Combs Publ'g, 507 F.3d 470, 480–81 (6th Cir. 2007); Century Wrecker Corp. v. E.R. Buske Mfg. Co., Inc., 898 F. Supp. 1334, 1341 (N.D. Iowa 1995).

A final evidentiary ruling, however, cannot be made without the trial context where the evidence offered is considered in light of its purpose and any other evidentiary considerations. Therefore, the motion is denied without prejudice to make appropriate objections at trial.  Before introducing evidence from settlement negotiations or mediation at trial, however, ATTC shall make an offer of proof at sidebar, and the court will rule on admissibility.

IX.  Other Litigation

ATTC moves to preclude Hypertherm from presenting evidence at trial about litigation between them in Hypertherm, Inc. v. American Torch Tip Co., 92–cv–069–SDM (M.D. Fla. 1992).  ATTC represents that the prior litigation involved Hypertherm's patents that are not patents–in–suit in this case.  In particular, ATTC argues that evidence of its willful infringement, found in the prior case, should be excluded from this case.  ATTC argues that the prior litigation is not relevant

14

and is likely to be unfairly prejudicial, particularly in light
of the intervening change in the standard for willfulness.  See
Fed. R. Evid. 402 & 403; see also In re Seagate Tech., LLC, 497
F.3d 1360, 1371 (Fed. Cir. 2007).

In response, Hypertherm recites the litigious history
between the parties.  Hypertherm argues that the finding in the
Florida case that ATTC willfully infringed the patents at issue
there is "highly probative regarding ATTC's willful infringement
in this case."  It further contends, relying on Applied Med. Res.
Corp. v. U.S. Surgical Corp., 435 F.3d 1356, 1365-66 (Fed. Cir.
2006), that a finding of willfulness in prior litigation between
the same parties is admissible in subsequent litigation to show
willfulness.

Since the parties' Florida litigation, however, the Federal
Circuit "changed] the standard for a finding of willfulness from
one of an affirmative duty of care to one of objective
unreasonableness."  Minks v. Polaris Indus., Inc., 546 F.3d 1364,
1380 (Fed. Cir. 2008).  Even if the circumstances in Applied Med.
pertained here, which is not apparent, the intervening change in
the willfulness standard undermines any relevance the willfulness
finding in the Florida case might have had for purposes of this
case.  See Voda v. Cordis Corp., 536 F.3d 1311, 1328-39 (Fed.
Cir. 2008) (vacating a finding of willfulness due to the

15

intervening change in the standard).

Therefore, the court will not allow Hypertherm to introduce evidence of the outcomes in the parties' previous litigation, and in particular, evidence of the willfulness finding in the Florida litigation will not be admissible to support Hypertherm's willfulness claim in this case.  As in all cases, however, to the extent that witnesses' prior statements made in connection with the parties' previous litigation meet the requirements of Federal Rule of Evidence 613, they may be used for impeachment purposes. ATTC's motion is granted.


## Conclusion

To the extent the court reserved judgment on evidentiary issues for determination in the trial context, counsel for the offering party shall make an offer of proof at sidebar, and the court will rule on admissibility.

For the foregoing reasons, the parties' motions are decided as follows:

 Hypertherm's motion to exclude evidence that contradicts the court's prior rulings (document no. 429) is granted as to the evidence of Whitney electrode sales invoices and is otherwise denied, subject to evidentiary ruling at trial.

Hypertherm's motion to exclude evidence pertaining to claim

construction (document no. 430) is granted.

Hypertherm's motion to preclude evidence pertaining to unenforceability (document no. 431) is granted as to evidence criticizing the patent office and is otherwise denied, as is more fully explained in this order, subject to evidentiary rulings at trial.

Hypertherm's motion to preclude ATTC from introducing evidence or opinion about the obviousness standard (document no. 432) is granted.

Hypertherm's motion to preclude ATTC from introducing evidence of its own patents and patent applications (document no. 433) is denied without prejudice to renew during trial if the issue arises.

Hypertherm's motion to preclude ATTC from introducing lay opinion testimony on expert issues (document no. 446) is granted, as is more fully explained in this order.

Hypertherm's motion to exclude evidence, testimony, and references to bifurcation and to the counterclaim (document no. 435) is granted in part and denied in part, without prejudice, as is more fully explained in the order.

Hypertherm's motion to exclude evidence, argument, and testimony regarding proposed settlement or compromise discussions (document no. 436) is denied, subject to evidentiary ruling at

trial.

ATTC's motion to exclude evidence of the outcomes in prior litigation between the parties (document no. 421) is granted.

SO ORDERED.

/s/ Joseph A. DiClerico, Jr.
Joseph A. DiClerico, Jr.
United States District Judge

February 19, 2009

cc:  Benjamin Stern, Esq.
     Colin Cabral, Esq.
     Jill Anderson, Esq.
     Jacob Baron, Esq.
     Steven Bauer, Esq.
     Lucas Blower, Esq.
     Seth Cannon, Esq.
     Joseph Capraro, Jr., Esq.
     Christopher Carney, Esq.
     Jeffery Cross, Esq.
     Joseph Dattilo, Esq.
     Ami Gandhi, Esq.
     Maia Harris, Esq.
     Marc Kallish, Esq.
     Rhett Krulla, Esq.
     Jonathan Lax, Esq.
     Richard Nelson, Esq.
     W. Scott O'Connell, Esq.
     Jeremy Oczek, Esq.
     Richard Rochford, Jr., Esq.
     David Ruoff, Esq.
     John Shapiro, Esq.
     John Skeriotis, Esq.
     Wayne Tang, Esq.