```
              UNITED STATES DISTRICT COURT FOR THE
                    DISTRICT OF NEW HAMPSHIRE
```

Hypertherm, Inc.

    v.                                           Civil No. 05-cv-373-JD
                                                Opinion No. 2009 DNH 024

American Torch Tip Company

O R D E R

American Torch Tip Company ("ATTC") filed a motion in limine, as part of its final pretrial filings, to exclude evidence of infringement by recent modifications of accused products. At the same time, ATTC notified Hypertherm, Inc. that it would introduce drawings at trial of design changes to its accused products which ATTC contends establish end dates for infringement by the accused products. ATTC also provided a supplemental interrogatory answer about its attempts to design around the patents in suit and drawings of the new designs. In response, Hypertherm filed a motion to preclude ATTC from using its newly-disclosed drawings to establish infringement cutoff dates.

ATTC argues that the modified products shown in its new drawings cannot be accused in this litigation as infringing products because they were developed in the normal course of business after discovery closed. ATTC further argues that the

new products can be used to show an end date of infringement. Hypertherm contends that ATTC cannot rely on the drawings that were first disclosed on January 16, 2009, for any purpose in this case.

The parties agree that in interrogatories Hypertherm requested disclosure of products and versions of products that ATTC contended did not infringe the patents in suit, including ATTC's attempts to design around the patents.  ATTC maintains that its disclosure of the drawings of its new designs, on January 16, 2009, was merely a supplemental response as required by Federal Rule of Civil Procedure 26(e).  Hypertherm contends that the disclosure was untimely and the evidence should be excluded.

Rule 26(e)(1)(A) requires parties to supplement or correct a previous discovery disclosure "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."  A supplemental disclosure under Rule 26(e)(1)(A) is timely if it is made as soon as possible. See, e.g., Malozienc v. Pac. Rail Servs., 572 F. Supp. 2d 939, 943 (N.D. Ill. 2008); Walls v. Paulson, 250 F.R.D. 48, 53 (D.C.C. 2008); Hummer v. BNSF Ry. Co.,

2006 WL 3523752, at *2 (C.D. Ill. Dec. 6, 2006) (supplemental disclosure made nine days after party became aware of evidence is timely).  In contrast, a supplemental expert report under Rule 26(e)(2) is due at the time pretrial materials are filed unless the parties have agreed to a different schedule, as they did in this case.

The dates of last manufacture for the products listed in the supplemental response range from August of 2008 back to January of 2006.  In the meantime, Hypertherm requested updated sales information from ATTC of the accused products for the purpose of calculating damages.  ATTC provided the requested sales information without indicating that it had new designs or products which it now claims establish cut off dates for infringement.  ATTC offers no explanation of why it waited until the deadline for final pretrial filings to supplement its interrogatory answers with the new information.

In addition, ATTC asks that it be allowed to use the drawings at trial to show cut off dates of infringement for purposes of limiting Hypertherm's damages.  As Hypertherm points out, however, the drawings, by themselves, do not establish infringement cut off dates.  Instead, expert testimony would be required to explain the changes the drawings purportedly show and the effect of the changes on Hypertherm's infringement claims.

ATTC lacks an expert witness to provide that information. Further, additional evidence would be needed to establish that the infringing products or versions of products were not sold after a particular date.  Therefore, even if the drawings were not untimely, they would not be admissible in the absence of expert testimony.

## Conclusion

For the foregoing reasons, the drawings disclosed by ATTC on January 16, 2009, will not be admissible at trial for any purpose.  ATTC's motion to exclude evidence of infringement (document no. 422) is granted to the extent that the newly-disclosed drawings will not be used for any purpose at trial. Hypertherm's motion to preclude the use of the drawings (document no. 448) is granted.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

March 16, 2009

cc: Jill C. Anderson, Esquire
    Jacob K. Baron, Esquire
    Steven M. Bauer, Esquire
    Lucas M. Blower, Esquire
    Colin G. Cabral, Esquire

Seth M. Cannon, Esquire
Joseph A. Capraro, Jr., Esquire
Christopher J. Carney, Esquire
Jeffery M. Cross, Esquire
Joseph T. Dattilo, Esquire
Maia H. Harris, Esquire
Marc H. Kallish, Esquire
Rhett R. Krulla, Esquire
Jonathan A. Lax, Esquire
Edward F. McCormack, Esquire
Richard C. Nelson, Esquire
W. Scott O'Connell, Esquire
Jeremy P. Oczek, Esquire
Richard D. Rochford, Jr., Esquire
David W. Ruoff, Esquire
John T. Shapiro, Esquire
John M. Skeriotis, Esquire
Benjamin M. Stern, Esquire
Wayne Tang, Esquire